UNITED STATES of America,
Appellant,

v.

Kenneth JOHNSON, Defendant–
Appellee.

Docket No. 98–1716.

United States Court of Appeals,
Second Circuit.

Argued March 18, 1999.

Decided March 24, 1999.

Marc L. Mukasey, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney, and Christine H. Chung, Assistant United States Attorney, of counsel), for Appellant.

Daniel Nobel, New York, NY, for Defendant–Appellee.

Before: CABRANES and STRAUB, Circuit Judges, and TSOUCALAS,* Judge.

Per Curiam:

■ We consider here an order of the United States District Court for the Southern District of New York (Whitman Knapp, *Judge*) dismissing a three-count indictment, charging defendant-appellee Kenneth Johnson with various weapons violations, based upon the district court's finding of vindictive prosecution. The district court relied upon a sequence of events in which the Government did not initiate the weapons prosecution—despite the presumptive availability of the underlying evidence and an ongoing state prosecution based on the same facts—until after defendant had exercised his right to a jury trial and had been acquitted on separate RICO charges. We conclude that these circumstances fail to raise a presumption of vindictive prosecution, much less establish actual vindictiveness. Accordingly, we reverse the determination that the federal weapons prosecution was vindictive, and we remand for reinstatement of the indictment.

## I.

In September 1997, Johnson was arrested by officers of the New York City Police Department for possession of a loaded handgun, and indicted by a state grand jury on two weapons possession charges. While the state weapons prosecution was pending, a federal grand jury indicted Johnson on substantive RICO and RICO conspiracy charges. On June 12, 1998, after a jury trial in the United States District Court for the Southern District of New York before Judge Shira A. Scheindlin, Johnson was acquitted of all outstanding RICO charges. Precisely two months later, a federal grand jury indicted Johnson for possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g), and obliteration or alteration of a

firearm's serial number, in violation of 18 U.S.C. § 922(k). Shortly thereafter, the state weapons charges were dismissed.

Johnson subsequently filed a pre-trial motion seeking, *inter alia,* dismissal of the indictment due to vindictive prosecution by the Government. After a hearing, Judge Knapp—to whom the weapons case had been assigned—granted Johnson's request for dismissal, reasoning primarily that

> [t]here is not a whisper of a suggestion of anything that may have occurred between December 1st, 1997 and August 12th, 1998 which would have prompted the government to submit the instant charges to the grand jury EXCEPT that [Johnson] had been acquitted of the RICO charges after having demanded a jury trial on those charges.

This timely appeal followed.

## II.

■ "Actual vindictiveness must play no part in a prosecutorial or sentencing decision and, since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of his rights, the appearance of vindictiveness must also be avoided." *United States v. King,* 126 F.3d 394, 397 (2d Cir.1997) (internal quotation marks and brackets omitted). Accordingly, an indictment will be dismissed if there is a finding of "actual" vindictiveness, or if there is a presumption of vindictiveness that has not been rebutted by objective evidence justifying the prosecutor's action. *See id.* (internal quotation marks omitted). "A district court's factual findings on prosecutorial vindictiveness are reviewed for clear error and the legal principles which guide the district court are reviewed de novo." *United States v. Johnson,* 91 F.3d 695, 698 (5th Cir.1996).

■ A finding of actual vindictiveness requires "direct" evidence, such as evidence of a statement by the prosecutor, which is available "only in a rare case."

---

* Of the United States Court of International Trade, sitting by designation.

*United States v. Goodwin,* 457 U.S. 368, 380–81 & nn. 12–13, 384 & n. 19, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); *King,* 126 F.3d at 397. Here, the district court did not hold an evidentiary hearing, receive affidavits, or otherwise rely on any direct evidence of prosecutorial vindictiveness. Instead, the court concluded that the undisputed sequence of events outlined above established a "prima facie case" of vindictiveness. Notably, however, the court did not purport to make an ultimate factual finding on the issue. Accordingly, it is clear that the court dismissed the case based on a conclusion that the chronology raised an unrebutted presumption of vindictiveness.

■ A presumption of vindictiveness arises when the circumstances of the case create a "realistic likelihood" of prosecutorial vindictiveness. *King,* 126 F.3d at 397 (internal quotation marks omitted). Because the Government did not assert any reason why the prosecution of Johnson on federal weapons charges could not, as a practical matter, have been initiated at an earlier time, the district court assumed (appropriately, in our view) that the new charges were attributable to the acquittal on the RICO charges, which followed Johnson's exercise of his right to a jury trial. In these circumstances, it is conceivable that the weapons charges were brought in retaliation for Johnson's exercise of his rights. However, the Government also might have decided from the outset that it was unnecessary for Johnson to be convicted and sentenced for both sets of charges; under this line of thinking, the weapons prosecution was superfluous unless the RICO prosecution proved unsuccessful. This rationale does not eliminate the "but for" causal connection between Johnson's exercise of his right to a jury

trial and the weapons prosecution, but it nevertheless is entirely legitimate, and certainly cannot be considered vindictive. *See Paradise v. CCI* Warden, 136 F.3d 331, 336 (2d Cir.) (rejecting argument that initial choice to withhold certain charges itself "somehow ... amounts to a constitutional violation"), *cert. denied,* —— U.S. ——, 119 S.Ct. 94, 142 L.Ed.2d 74 (1998). The relevant question, therefore, is whether there is a "realistic likelihood" that the Government acted out of a vindictive motivation, rather than a legitimate one such as that described above.

■ To the extent that we have not previously addressed this issue directly, *cf. id.* (declining to presume vindictiveness in prosecution of new charges following dismissal on statute of limitations grounds); *United States v. Khan,* 787 F.2d 28, 32–33 (2d Cir.1986) (declining to presume vindictiveness in prosecution of additional charges following mistrial, in part because it is "unrealistic to assume that the government's probable response to a defendant's choice to exercise his fundamental right to a trial would be to seek to penalize and deter"), we join the other courts of appeals that have held that a new federal prosecution following an acquittal on separate federal charges does not, without more, give rise to a presumption of vindictiveness. *See United States v. Wall,* 37 F.3d 1443, 1449 (10th Cir.1994); *United States v. Rodgers,* 18 F.3d 1425, 1430–31 (8th Cir.1994); *United States v. Esposito,* 968 F.2d 300, 306 (3d Cir.1992).[1]

Simply put, "[w]hen a State brings another indictment supported by evidence against a defendant after an acquittal, the acquittal is a legitimate prosecutorial consideration because the State is not levying punishment for a right exercised but rather for the crimes [the defendant] commit-

---

1. We previously have held that the question of prosecutorial vindictiveness generally does not arise when the two prosecutions at issue are conducted by separate sovereigns. *See United States v. Ng,* 699 F.2d 63, 68 (2d Cir. 1983); *see also Johnson,* 91 F.3d at 698–99 (declining to presume vindictiveness in com-

mencement of federal prosecution following acquittal on state law charges); *United States v. Spears,* 159 F.3d 1081, 1087 (7th Cir.1998) (same); *United States v. Stokes,* 124 F.3d 39, 45–46 (1st Cir.1997) (same), *cert. denied,* —— U.S. ——, 118 S.Ct. 1103, 140 L.Ed.2d 156 (1998).

ted." *Esposito*, 968 F.2d at 304. Accordingly, those circumstances do not present a "realistic likelihood" of prosecutorial vindictiveness. Furthermore, adoption of a presumption of vindictiveness in these circumstances "would encourage prosecutors to overcharge defendants, ... a result we do not wish to promote." *Paradise*, 136 F.3d at 336 (internal quotation marks omitted); *accord Esposito*, 968 F.2d at 306 (presumption would "fashion[ ] a new constitutional rule that requires prosecutors to bring all possible charges in an indictment or forever hold their peace").

In addition, it is relatively insignificant that the new charges resembled those being pursued against Johnson by the State of New York in a separate case. The state court prosecution subsequently was dismissed, presumably because Sections 40.20 and 40.30 of New York Criminal Procedure Law, unlike constitutional principles of double jeopardy, prohibit separate prosecutions by separate sovereigns for the same offense or, with certain exceptions not relevant here, for two offenses based upon the same act or criminal transaction. *Compare United States v. Peterson*, 100 F.3d 7, 12 (2d Cir.1996) ("The dual sovereignty principle means ... that a defendant may be prosecuted first by one sovereign and subsequently by the other without violating principles of double jeopardy."), *with Booth v. Clary*, 83 N.Y.2d 675, 678–79, 613 N.Y.S.2d 110, 635 N.E.2d 279 (1994) ("State prosecutions are more restricted under the expansive statutory double jeopardy protections found in CPL 40.20 and 40.30, which offer more protection than the 'dual sovereign' doctrine would tolerate."). This shift from state to federal jurisdiction is commonplace, and we decline to presume that the primary effects thereof—the application of possibly greater prosecutorial resources and a higher maximum sentence—reflect

anything other than the Government's legitimate desire to punish Johnson for his alleged crimes.

### III.

Because no direct evidence of actual vindictiveness was presented by Johnson, and the undisputed sequence of prosecutorial actions does not give rise to a presumption thereof, we reverse the district court's determination that the Government's prosecution of the federal weapons charges was vindictive,[2] and we remand the cause to the district court with instructions to reinstate the indictment.

---

2. Johnson has taken the position that we should resolve the question of vindictive prosecution without reference to discovery issues, and our decision renders any such issues moot. However, we note that even if our decision were limited to a holding that no presumption of vindictiveness exists, there would be no basis, on the current record, for Johnson to obtain discovery from the Government.