UNITED STATES of America

v.

John M. DEAN.

No. 3:00CR41 JBA.

United States District Court,
D. Connecticut.

June 8, 2000.

Paul F. Thomas, Federal Public Defender's Office, New Haven, CT, for John M. Dean, defendants.

Peter D. Markle, Stephen C. Robinson, Deborah R. Douglas, U.S. Attorney's Office, New Haven, CT, for U.S.

## RULING ON DEFENDANT'S MOTION TO DISMISS (Doc. # 12)

ARTERTON, District Judge.

In his Motion to Dismiss (Doc. # 12), Defendant John M. Dean ("Johnny Dean") seeks dismissal of this indictment on the grounds that the institution of a federal case constitutes vindictive prosecution and requests that the Court hold an evidentiary hearing on the pending motion. *See* Def.'s Mem. in Support at 4 (Doc. # 13).

### Legal Standard

■ Even though the decision whether to prosecute generally rests within the broad discretion of the prosecutor, *United States v. White*, 972 F.2d 16, 19 (2d Cir. 1992), and a prosecutor's pretrial decision is presumed legitimate, a prosecution brought with a vindictive motive, such as exercise of authority motivated to penalize or retaliate against a defendant for the valid exercise of a constitutional or statutory right to an appeal or habeas proceeding is prohibited by the Due Process Clause of the Fourteenth Amendment. *See Blackledge v. Perry*, 417 U.S. 21, 24, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) In *United States v. Johnson*, 171 F.3d 139 (1999), the Second Circuit held that a finding of actual vindictiveness, or a presumption of vindictiveness unrebutted by objective evidence justifying the prosecutor's action, requires dismissal of the indictment.

■ To establish actual vindictive motive, "the defendant must show that (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) the Defendant would not have been prosecuted but for the animus." *United States v.*

*Koh*, 199 F.3d 632, 640 (2d Cir.1999). "[A] finding of actual vindictiveness requires direct evidence such as the statement by the prosecutor which is available only in the rare case." *United States v. Johnson*, 171 F.3d at 140. To demonstrate a presumption of vindictiveness, "the circumstances of the case [must] create a 'realistic likelihood' of prosecutorial vindictiveness." A presumption of vindictiveness does not arise merely from a shift of a prosecution from state to federal jurisdiction. *See, e.g., United States v. Johnson*, 171 F.3d at 141 n. 1 (noting that "[w]e previously have held that the question of prosecutorial vindictiveness generally does not arise when the two prosecutions at issue are conducted by separate sovereigns").

■ *United States v. Sanders*, 211 F.3d 711 (2nd Cir.2000), sets out the appropriate standard a defendant must meet in order to obtain discovery on a claim of vindictive prosecution: "the defendant must show "some evidence" of "genuine animus," not the mere possibility that animus might exist under the circumstances." *Id.* at 717. In adopting what it recognized was a "rigorous" standard, the Second Circuit observed that such standard would serve as "a significant barrier to the litigation of insubstantial claims," recognizing that "examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine the prosecutorial effectiveness by revealing the Government's enforcement policy." *Id.* at 717.

### Chronology of Events Leading up to Federal Indictment

The following facts are contained in Defendant's Motion to Dismiss. On August 9, 1999, Dean was arrested by New Haven police officers for possession of narcotics with intent to sell, possession of narcotics

with intent to sell within 1500 meters of a school and interfering with a search incident to arrest. Following his arrest, Dean retained counsel, who represented him at various state court appearances. At a September 9, 1999 hearing, Dean entered a not guilty plea to all state charges then pending and the state prosecutor offered a disposition of seven years imprisonment, suspended after three years and three years probation with the right to argue for a lower sentence. Dean was never informed of any possible or pending federal criminal investigation by the United States Attorney's Office. The state case was continued to September 30, 1999 and October 13, 1999 with the understanding that Dean could either accept the state's offer or the case would proceed to the trial docket. At the October 13, 1999 hearing, Dean declined the state's plea offer, choosing to proceed to trial, and the case was continued until November 10, 1999. On October 19, 1999, the state prosecutor turned over the narcotics seized when the Dean was arrested to federal law enforcement officers for further investigation. At the November 10, 1999 state court hearing, Dean was informed that his state case had been continued because it was now being reviewed for federal prosecution. Dean remained released on bond from his state arrest on August 9, 1999 until he was arrested on the federal charge on April 3, 2000.

On February 24, 2000, Defendant was indicted for violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii) based on the activity at issue in the state court prosecution. He was arrested on this federal charge on April 3, 2000. At the time Dean was arrested and presented, the United States Attorney's Office moved to detain Dean without bond as a risk of flight and danger to the community, invoking the temporary detention provision of 18 U.S.C. § 3142(f)(2) pending a hearing that was scheduled for April 5, 2000. At that hearing, Dean was released from custody on various conditions pending disposition of this case. Detective Andrew Muro

from the New Haven Police Department, who was involved in the state investigation and is also a deputized federal agent on the New Haven Drug Task Force, was present at both Dean's initial presentment and detention hearing in federal court.

### Legal Analysis

Although denominated as a Motion to Dismiss the indictment, Dean does not seem to claim the evidence known and presented at this juncture would sustain a claim of vindictive prosecution, but instead seeks "further proceedings, i.e. an evidentiary hearing and/or discovery." *See* Def.'s Reply Mem. at 4 (Doc. # 16). In essence, Dean contends he is entitled to an evidentiary hearing based on the following three facts: 1) the close temporal proximity between the referral of his case by state prosecutors to the United States Attorney's Office and his insistence on a trial in state court; 2) the presence of New Haven Detective Andrew Muro, involved in the state prosecution, at defendant's presentment and detention hearing in federal court; and 3) the United States Attorney's efforts to detain Dean following his federal arrest notwithstanding his prior release on bail on the state charges.

Dean agrees that he "cannot and does not rely upon a presumption of vindictiveness premised upon the shift of this case from state court to federal court and the corresponding increase of potential punishment," *See* Def.'s Mem. in Support at 3, and that "precedent requires a demonstration of actual vindictiveness, which requires direct evidence, such as a statement by the prosecutor evidencing the vindictive motive." Def.'s Reply Mem. at 2.

Dean fails to present any evidence of genuine animus on the part of United States Attorney's Office, and he seemingly concedes that the mere referral of the state charges to the United States Attorney's Office and its motion to detain him does not reflect such animus. *See United States v. Johnson*, 171 F.3d at 141 n. 1. Nor does Dean present any evidence that

the state prosecutor harbored actual animus against him based on his refusal to plead guilty in lieu of trial, other than the inference urged from the sequence of events. Similarly, the fact that the shift of prosecution sovereigns now exposes Dean to enhanced punishment under the Federal Sentencing Guidelines for the federal charges does not create a presumption of vindictiveness. *See United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (no presumption of vindictiveness found where the same prosecutor sought an indictment and conviction of a felony charge after the accused, in a related pending misdemeanor offense refused to plea guilty and demanded a trial); *Bordenkircher v. Hayes,* 434 U.S. 357, 365, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (no presumption of vindictiveness where prosecutor carries out threat made during plea negotiations to reindict the accused on more serious charges when he did not plead guilty to the offense originally charged). The presence of Detective Andrew Muro at Dean's initial federal proceedings also does not constitute evidence from which could be inferred state prosecutor or United States Attorney animus.

Further, even if Dean had proffered sufficient evidence that the state prosecutor harbored genuine animus against him, there is no suggestion that the state prosecutor prevailed upon the United States Attorney by turning over the narcotics evidence so as to influence United States Attorney's independent decision to seek a federal indictment against Dean or move for Dean's detention. *See United States v. Monsoor,* 77 F.3d 1031, 1035 (7th Cir.1996) ("the animus of a referring agency is not, without more, imputed to federal prosecutors."). Therefore, even if Dean's allegations are credited and the Court draws all reasonable inferences from the circumstances leading to the federal arrest, it still remains a matter of pure speculation or surmise that the United States Attorney's Office was influenced in any way by some vindictive motive attributable to the state prosecutor. Finally, Dean fails to offer

any evidence that the United States Attorney's "prosecution [of him] would not have been brought even in the absence of vindictiveness." *See United States v. Aviv,* 923 F.Supp. 35, 38 (S.D.N.Y.1996).

In summary, Defendant's "showing" of vindictive prosecution does not rise above the level of mere allegations and conjecture drawn from the sequence of events leading to this indictment. Absent "some evidence" that this federal prosecution was brought with "genuine animus" to punish the defendant or retaliate against him based on his decision to decline the state prosecutor's plea offer, Dean is not entitled to discovery or an evidentiary hearing on his claim of vindictive prosecution.

## CONCLUSION

Defendant's Motion to Dismiss [Doc. # 12] based on vindictive prosecution is DENIED. As previously scheduled, Jury Selection will take place on June 28, 2000 at 9:00 a.m. and Trial will commence on July 17, 2000 at 8:30 a.m.

IT IS SO ORDERED.