MEMORANDUM ORDER
 

 RAKOFF, District Judge.
 

 Defendant moves to dismiss the superseding indictment on the ground of prosecutorial vindictiveness.
 
 [1]
 
 The motion is primarily premised on the following circumstances. Shortly before the defendant’s trial last December on a single, narrow, and low-level narcotics charge, the Court, over the Government’s vigorous objections, ruled inadmissible four “similar acts” involving four prior narcotics deals. The jury then “hung,” and the Court promptly scheduled a re-trial. Thereupon, the Government obtained a superseding indictment that added a broad conspiracy count embracing all four of the previously excluded acts. The new count also very greatly increased the possible punishment if defendant were convicted.
 

 Prosecutorial vindictiveness can be established either by proof of “actual
 
 vindictiveness”
 
 — i.e., direct evidence that the prosecutor’s charging decision is an unjustifiable penalty resulting solely from the defendant’s exercise of a protected legal right,
 
 see United States v. Goodwin,
 
 457 U.S. 368, 380-81, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982);
 
 United States v. Sanders,
 
 211 F.3d 711, 716-717(2d Cir.2000);
 
 United States v. Johnson,
 
 171 F.3d 139, 140-141 (2d Cir.1999)—or by proof of circumstances that pose a “realistic likelihood” of such misconduct sufficient to raise a “presumption of prosecutorial vindictiveness,” which the Government must then rebut or face dismissal.
 
 Johnson
 
 at 141;
 
 United States v. King,
 
 126 F.3d 394, 397 (2d Cir.1997). While the mere addition of a further charge following a hung jury is an insufficient circumstance to make such a showing, the Court concludes that the full set of circumstances briefly summarized above, if taken most favorably to the movant, is sufficient (though barely) to raise a rebuttable presumption of vindictiveness sufficient to require the Government to respond with evidence of lack of animus.
 

 
 *DCXIV
 
 Such a response may normally be made, at least in the first instance, through affidavits from the relevant prosecutors, after which the burden shifts back to the defense to establish that the proffered response is pretextual or otherwise inadequate, or that there is a basis for limited discovery, or the like. Here, however, all the Government has so far offered in response is unsworn argument that the belated bringing of the broader charge was the innocent result of the inadvertent failure of the prosecution to adequately debrief certain cooperating co-conspirators until after the first trial. While if true, this would be a total refutation of the defendant’s allegation of vindictiveness, the limited time remaining before the firmly scheduled re-trial date of April 12, 2004 convinces the Court that the best way to proceed is simply to hold a brief evidentia-ry hearing on this issue.
 

 Accordingly, the Court will conduct an evidentiary hearing on this motion, not to exceed one hour, on April 9, 2004 at 11 a.m., at which the Government may call whatever witness or witnesses it believes are necessary to meet its burden of rebutting the aforementioned presumption,
 
 [2]
 
 the defendant may cross-examine within the limits imposed by the work product and Government-investigation privileges, and the Court will then promptly rule on the motion from the bench (as well as on the Government’s pending motion in limine).
 

 SO ORDERED.
 

 [1]
 

 . A companion motion to sever the two counts was denied from the bench on April 1, 2004.
 
 See
 
 transcript.
 

 [2]
 

 . To avoid any delay at the hearing, the Government is requested to produce to the defense by April 8 at 5 p.m. any Jencks Act material relating to the proposed testimony of these witnesses.