12-655-cr
United States v. Pacheco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand and thirteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                    12-655-cr

ORLANDO PACHECO, aka Orlando Pacheco-Gonzalez, aka
Nacho, aka Tio,

> *Defendant-Appellant*.

_____

FOR APPELLANT:          William E. Kraham, Brattleboro, Vermont.

FOR APPELLEE:           Craig S. Nolan and William B. Darrow, Assistant United States
                        Attorneys, *for* Tristram J. Coffin, United States Attorney,
                        Burlington, Vermont.

1

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Orlando Pacheco appeals from a judgment entered on February 6, 2012, sentencing him principally to 240 months' imprisonment following his conviction by a jury of one count of conspiracy to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Prior to trial, the parties engaged in plea negotiations in which the government offered to forgo filing a notice of intent to rely on a prior felony drug conviction pursuant to 21 U.S.C. § 851—which, in the event Pacheco were convicted would have resulted in a mandatory minimum sentence of twenty years' imprisonment, 21 U.S.C. § 841(b)(1)(A)—in exchange for Pacheco's pleading guilty to the one-count indictment. Despite the government's notifying Pacheco that in the event he rejected its offer it would file such a notice, Pacheco elected to reject the offer and proceed to trial. The government did in fact file such a notice. Following a jury trial in which Pacheco was convicted of the single conspiracy count charged, the district court sentenced defendant to the enhanced statutory minimum penalty of 240 months' imprisonment. Beyond this brief background of the proceedings below, we assume the parties' familiarity with the procedural history and facts of this case.

On appeal, Pacheco argues that the government's filing of a § 851 notice, and the enhanced sentence that resulted therefrom, was the result of prosecutorial vindictiveness such that he was denied due process of the law. The district court considered and rejected this argument prior to sentencing. "We review a district court's factual findings on prosecutorial

vindictiveness for clear error, and its legal conclusions *de novo*." *United States v. Stewart*, 590 F.3d 93, 122 (2d Cir. 2009).

"[A]n indictment will be dismissed [1] if there is a finding of 'actual' vindictiveness, or [2] if there is a presumption of vindictiveness that has not been rebutted by objective evidence justifying the prosecutor's action." *United States v. Johnson*, 171 F.3d 139, 140 (2d Cir. 1999). A defendant is generally not entitled to a presumption of prosecutorial vindictiveness in a pretrial setting. *Stewart*, 590 F.3d at 122. Although this principle is not categorical, Pacheco has not offered any reason for us to depart from it, and we therefore adhere to the general rule. *See id.* at 123. Pacheco may succeed on his vindictiveness argument only if he can establish actual vindictiveness.

To establish actual vindictiveness, a defendant must show "that a prosecutor's charging decision [is] a direct and unjustifiable penalty, that resulted solely from the defendant's exercise of a protected legal right." *Id.* (internal quotation marks omitted). The Supreme Court has held that a prosecutor does not offend the Constitution by threatening, and then proceeding, to reindict a defendant on charges carrying a stiffer penalty than those in the original indictment to which the defendant has refused to plead guilty. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). The Court noted that "in the 'give-and-take' of plea bargaining, there is no . . . element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* Given that "the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution[,] . . . the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *United States v. Goodwin*, 457 U.S. 368, 382-83 (1982).

3

In this case, it is undisputed that the government would not have violated Pacheco's Fifth Amendment due process rights if, immediately after indictment and without first offering Pacheco the opportunity to plead guilty to the indictment and be subject to a significantly lower statutory minimum sentence, it had filed its § 851 notice identifying one of Pacheco's prior drug convictions. Indeed, it appears that the government could have stated its intent to rely on *both* of Pacheco's prior felony drug convictions, thus exposing Pacheco to a mandatory life sentence were he convicted. *See* 21 U.S.C. § 841(b)(1)(A). The government's decision at the outset to forgo filing any § 851 notice and use the threat of such filing as a bargaining chip in plea negotiations does not render unconstitutional the decision to file a § 851 notice after Pacheco repeatedly declined to plead guilty to the lesser charges. We cannot conclude, based on the record before us, that the government's decision to rely on one of Pacheco's prior felony drug convictions, as it was permitted to do under § 851, was the result of prosecutorial vindictiveness.

We have considered all of Pacheco's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4