**UNITED STATES of America,**
**Appellee,**

v.

**ZHEN GUAN, Defendant–Appellant.**

**No. 12–4281–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2013.

Stacey Van Malden, Goldberger & Dubin, P.C., New York, NY, for Appellant.

Nathan Reilly, Jo Ann M. Navickas, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOHN M. WALKER, JR. and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Zhen Guan appeals from a judgment of conviction and a sentence entered on October 10, 2012, in the United States District Court for the Eastern District of New York. We assume the parties' familiarity with the facts and the issues raised on appeal.

Guan's contention that 18 U.S.C. § 2251 is an unconstitutional manifestation of Congress's power under the Commerce Clause is foreclosed by earlier decisions of this Court. *See, e.g., United States v. Holston,* 343 F.3d 83, 88–90 (2d Cir.2003). "Because much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, we conclude that Congress, in an attempt to halt interstate trafficking, can prohibit local production that feeds the national market and stimulates demand, as this product substantially affects interstate commerce." *Id.* at 90. "As we are satisfied that § 2251(a) lies within Congress's powers under the Commerce Clause, the fact that [Guan] neither shipped the materials interstate nor intended to benefit commercially from his conduct is of no moment." *Id.* at 91.

Guan's due process argument, relying on his assertion that his production of child pornography did not result in the "distribution" that Congress ostensibly intended to combat through 18 U.S.C. § 2251, is also foreclosed by this Court's precedents. *See, e.g., id.* at 90; *see also Proyect v. United States,* 101 F.3d 11, 14 (2d Cir. 1996) (*per curiam*). Even if Guan was prosecuted because of the details of *how* he committed the crimes that he concedes committing, "a prosecutor's pretrial charging decision is presumed legitimate" and Guan has not supported "'a finding of 'actual' vindictiveness, or ... [created] a presumption of vindictiveness that has not been rebutted.'" *United States v. Sanders,*

211 F.3d 711, 716 (2d Cir.2000) (quoting *United States v. Johnson,* 171 F.3d 139, 140 (2d Cir.1999) (*per curiam* )).

Guan's mandatory minimum sentence of fifteen years' imprisonment does not constitute cruel and unusual punishment in violation of the Eighth Amendment. "The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Rivera,* 546 F.3d 245, 254–55 (2d Cir.2008) (internal quotation marks omitted). Guan has not demonstrated that his sentence is grossly disproportionate to the crime that he committed; his sentence was constitutionally permissible.

We have considered all of Guan's arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**