12-4281-cr
United States v. Zhen Guan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          JOHN M. WALKER, JR.,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

                    *Appellee,*

        -v.-                              No. 12-4281-cr

ZHEN GUAN,

                    *Defendant-Appellant.*

FOR APPELLANT:        Stacey Van Malden, Goldberger & Dubin, P.C., New
                      York, NY.

FOR APPELLEE:          Nathan Reilly, Jo Ann M. Navickas, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Zhen Guan appeals from a judgment of conviction and a sentence entered on October 10, 2012, in the United States District Court for the Eastern District of New York.  We assume the parties' familiarity with the facts and the issues raised on appeal.

Guan's contention that 18 U.S.C. § 2251 is an unconstitutional manifestation of Congress's power under the Commerce Clause is foreclosed by earlier decisions of this Court.  *See, e.g., United States v. Holston*, 343 F.3d 83, 88-90 (2d Cir. 2003).  "Because much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, we conclude that Congress, in an attempt to halt interstate trafficking, can prohibit local production that feeds the national market and stimulates demand, as this product substantially affects interstate commerce."  *Id.* at 90.  "As we are satisfied

2

that § 2251(a) lies within Congress's powers under the Commerce Clause, the fact that [Guan] neither shipped the materials interstate nor intended to benefit commercially from his conduct is of no moment." *Id.* at 91.

Guan's due process argument, relying on his assertion that his production of child pornography did not result in the "distribution" that Congress ostensibly intended to combat through 18 U.S.C. § 2251, is also foreclosed by this Court's precedents. *See, e.g., id.* at 90; *see also Proyect v. United States*, 101 F.3d 11, 14 (2d Cir. 1996) (*per curiam*). Even if Guan was prosecuted because of the details of *how* he committed the crimes that he concedes committing, "a prosecutor's pretrial charging decision is presumed legitimate" and Guan has not supported "'a finding of 'actual' vindictiveness, or . . . [created] a presumption of vindictiveness that has not been rebutted.'" *United States v. Sanders*, 211 F.3d 711, 716 (2d Cir. 2000) (quoting *United States v. Johnson*, 171 F.3d 139, 140 (2d Cir. 1999) (*per curiam*)).

Guan's mandatory minimum sentence of fifteen years' imprisonment does not constitute cruel and unusual punishment in violation of the Eighth Amendment. "The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Rivera*, 546 F.3d 245, 254-55

3

(2d Cir. 2008) (internal quotation marks omitted).  Guan has not demonstrated that his sentence is grossly disproportionate to the crime that he committed; his sentence was constitutionally permissible.

We have considered all of Guan's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk