■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ROMAN, Also Known as RAPHAEL ROMAN, Appellant. —Judgment, Supreme Court, New York County (John Bradley, J., at *Mapp* hearing; Richard Failla, J., at jury trial and sentence) rendered March 21, 1989, convicting defendant of one count of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to concurrent terms of imprisonment of five to ten years, unanimously affirmed.

Evidence adduced at a pretrial *Mapp* hearing, and at trial, was that defendant was observed by an officer of the Street Narcotics Enforcement Unit as he sold cocaine on a Manhattan street. Descriptions of defendant and the purchaser were radioed by the observation officer to a backup officer, who effected immediate arrests of defendant and the purchaser.

Defendant's claim of a prejudicial *Rosario* rule violation is meritless. A review of the minutes of the *Mapp* hearing indicates that the arresting officer's response to defense counsel's question of whether there "was a recording made" of the observation officer's transmitted description of the purchaser

was a question from the officer, who asked if defense counsel meant "a recording on a radio." Only when defense counsel responded "Yes", did the officer respond affirmatively. A plain reading of this testimony indicates that the officer was referring merely to a simple radio transmission.

In any event, since defendant failed to bring to the trial court's attention the issue of a possible *Rosario* violation, or to apply to the trial court for any sanction, or to show any prejudice to him at trial, his claim on appeal of undue prejudice at trial stemming from the alleged *Rosario* rule violation is meritless *(see, e.g., People v Albelo,* 166 AD2d 313, *lv denied* 77 NY2d 835).

Likewise without merit is defendant's claim that his prior conviction by court-martial was improperly considered by the sentencing court as a predicate felony conviction in connection with sentence enhancement because the court-martial conviction was not obtained under the constitutional standards applicable to a criminal conviction obtained under New York State law. Following a full hearing on the issue, the sentencing court properly found that defendant's prior court-martial conviction constituted a prior felony conviction on the ground that defendant knowingly, intelligently and voluntarily pleaded guilty before a military Judge to two separate sales of cocaine, in exchange for a sentence of imprisonment of one year and one day. This conviction by court-martial, on its face, is the equivalent of a felony drug sale conviction under section 220.31 of the New York State Penal Law and is recognized by the courts of this State as a prior felony conviction for purposes of enhancement of sentence *(see, People v Benjamin,* 22 NY2d 723). Concur—Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.