OPINION OF THE COURT
 

 Bellacosa, J.
 

 The District Attorney of Jefferson County appeals in two cases seeking to overturn the grant of writs of prohibition
 
 *677
 
 preventing his office from prosecuting serious crimes committed by two off-duty soldiers off military property. The petitioners soldiers were tried and convicted by a general court-martial for the identical conduct for which they were also indicted in Jefferson County. The issue in each case is whether a military tribunal is a court "of any jurisdiction within the United States” within the meaning of CPL 40.30 (1). If so, New York’s statutory double jeopardy protection bars the successive prosecutions at issue in the discrete cases. We conclude that the courts-martial constitute a statutorily intended "court” and must be deemed previous prosecutions for purposes of the statutory bar of subsequent prosecutions. The Appellate Division judgments barring the prosecutions under the indictments should be affirmed.
 

 In August 1991, the United States Army charged petitioner, Sergeant Booth, with rape, carnal knowledge, sodomy, indecent assault in violation of articles 120, 125 and 134 of the Uniform Code of Military Justice
 
 (see,
 
 10 USC § 920 [a], [b]; §§ 925, 934), and giving alcoholic beverages to a minor in violation of Penal Law § 260.20 (4). The victim was Booth’s 13-year-old niece. The incident occurred on July 6, 1991 in the Village of Carthage, New York. Booth, represented by counsel, waived trial by military jury. Following a trial by a military Judge on January 12, January 30 and March 10, 1992, Booth was convicted of indecent assault in violation of article 134 of the Uniform Code of Military Justice and sentenced on March 10, 1992 to confinement at hard labor for two years at Fort Knox, Kentucky, reduced in rank, discharged from the service with a bad conduct discharge and ordered to forfeit pay. An Army Court of Military Review approved the findings and sentence on December 9, 1992, except for the bad conduct discharge.
 

 In December 1991, the Jefferson County Grand Jury indicted Booth for rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, endangering the welfare of a child and incest. The charges related to the same conduct for which Booth was tried and court-martialled. Booth sought dismissal of the indictment on statutory double jeopardy grounds
 
 (see,
 
 CPL 40.20, 40.30). County Court denied the motion and the instant prohibition proceeding was commenced in the Appellate Division, which granted the writ. This Court granted leave to appeal.
 

 In the second matter before this Court, also by its grant of
 
 *678
 
 leave to appeal, petitioner Bridgewater, a former sergeant in the United States Army, was indicted by a Jefferson County Grand Jury. Bridgewater was charged with two counts of murder committed on September 23, 1991. The victim was his two-month-old son. During the pendency of the indictment, Bridgewater gave testimony and entered a guilty plea before a military tribunal, which found him guilty of involuntary manslaughter by culpable negligence in violation of article 119 of the Uniform Code of Military Justice (10 USC § 919). He was sentenced to one-year imprisonment. On December 16, 1992, Bridgewater moved to dismiss the Jefferson County indictment on statutory double jeopardy grounds. County Court denied the motion. The instant prohibition proceeding was commenced in the Appellate Division, which granted the writ.
 

 Appellant District Attorney argues that a general military court-martial does not bar a subsequent State criminal action because the military tribunal is not a court and that proceeding does not constitute a "trial.” The argument urges us to conclude that the Uniform Code of Military Justice is merely a disciplinary code with different purposes and goals from the State Penal Law. The prosecutor also claims a State equal protection of the laws violation, justifying the prosecutions irrespective of the statutory bar arising from the statute. She does not dispute the fact that the offenses for which the soldiers were tried by court-martial stem from the same criminal events for which they were indicted.
 

 The right not to be placed in jeopardy more than once for the same offense is a vital safeguard and "a fundamental ideal in our constitutional heritage”
 
 (Benton v Maryland,
 
 395 US 784, 794;
 
 see also, People v Abbamonte,
 
 43 NY2d 74, 82). The dual constitutional protection against double jeopardy, however, is not in issue in these cases
 
 (see,
 
 US Const 5th, 14th Amends; NY Const, art I, § 6;
 
 Blockburger v United States,
 
 284 US 299). Successive State and Federal prosecutions based on the same criminal transactions or overt acts, as occurred here, might not offend constitutional precepts
 
 (see, United States v Wheeler,
 
 435 US 313;
 
 Bartkus v Illinois,
 
 359 US 121).
 

 In these cases, however, the procedural framework requires that we construe New York’s additional and broader statutory double jeopardy protections
 
 (see,
 
 CPL art 40;
 
 Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,
 
 37 NY2d 560, 565). State prosecutions are more restricted under
 
 *679
 
 the expansive statutory double jeopardy protections found in CPL 40.20 and 40.30, which offer more protection than the "dual sovereign” doctrine would tolerate
 
 (see, People v Abbamonte,
 
 43 NY2d 74, 81,
 
 supra; Matter of Abraham v Justices of N Y. Supreme Ct. of Bronx County, supra).
 

 These statutory double jeopardy provisions, whose application to this novel context we must decide, provide the more intricate details against individuals being "twice prosecuted for the same offense” (CPL 40.20 [1]). A "same offense” crime must include "essentially the same statutory elements or one must be a lesser included offense of the other”
 
 (Matter of Corbin v Hillery,
 
 74 NY2d 279, 289,
 
 affd sub nom. Grady v Corbin,
 
 495 US 508). CPL 40.30 (1) defines a previous prosecution as follows:
 

 "[A] person 'is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a
 
 court of this state or of any jurisdiction within the United States,
 
 and when the action either:
 

 "(a) Terminates in a conviction upon a plea of guilty; or
 

 "(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn” (emphasis added).
 

 Some guidance is provided by our recognition of the judicial nature of military tribunals in our second felony sentencing context. We have held that a court-martial adjudication may serve as a prior felony for purposes of second felony offender sentencing
 
 (see, People v Benjamin,
 
 22 NY2d 723,
 
 mot to amend remittitur granted
 
 23 NY2d 697;
 
 see also, People v Roman,
 
 176 AD2d 568,
 
 lv denied
 
 79 NY2d 863;
 
 People v Williams,
 
 78 AD2d 643).
 

 Additionally, under the comprehensive protection provided by CPL article 40, we have previously held that if the State prosecution was preceded by a Federal prosecution in a Federal District Court, the New York prosecution is blocked
 
 (see,
 
 CPL 40.20 [1]; 40.30 [1];
 
 Matter of Wiley v Altman,
 
 52 NY2d 410;
 
 People v Vera,
 
 47 NY2d 825;
 
 People v Abbamonte,
 
 43 NY2d 74,
 
 supra).
 
 Like a Federal District Court, a military tribunal exerts all its "powers under and by authority of the same government — that of the United States”
 
 (Grafton v
 
 
 *680
 

 United, States,
 
 206 US 333, 355;
 
 see,
 
 US Const, art I, § 8; art II, §2).
 

 The United States Supreme Court complements these two lines of authority with its guidance for our statutory construction task by its recognition that a general court-martial is a prior prosecution prohibiting a subsequent indictment by the United States for the same offense as violative of the Double Jeopardy Clause
 
 (see,
 
 US Const 5th Amend;
 
 see also, Grafton v United States, supra).
 
 Thus, for Federal constitutional double jeopardy purposes, a military court-martial is treated as the equivalent of a Federal District Court judgment
 
 (see, Gosa v Mayden,
 
 413 US 665;
 
 United States v Wheeler,
 
 545 F2d 1255;
 
 see also, United States v Walker,
 
 552 F2d 566, 567, n 2 ["(a) conviction in the civilian court will preclude a subsequent court martial conviction and
 
 vice versa”]).
 

 Grafton
 
 and the principle it embodies thus provide a cogent catalyst with the other authorities. The specific power exercised by military tribunals is bestowed by Congress pursuant to its powers under article I of the Federal Constitution. The fact that the prior criminal complaint there arose out of a violation and prosecution under military law, instead of common law or statutory penal prohibition, did not render the military prosecution any less a judicial exercise under the sovereign power of the United States.
 

 We conclude, therefore, that in the absence of any statutory exclusion under New York’s CPL article 40, a court-martial tribunal is a court within the meaning of CPL 40.30 (1), and the prior prosecutions in each case bar the appellant District Attorney from proceeding under the indictments for the identical crimes as violations of New York’s Penal Law.
 

 Finally, we note that notwithstanding New York’s expansive statutory double jeopardy protection, greater communication and cooperation between the District Attorney and military authorities might have obviated these procedural difficulties and circumstances.
 

 Accordingly, the judgment of the Appellate Division in each case, dismissing the indictments, should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 In each case: Judgment affirmed, without costs.