[797 NYS2d 219]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN KENNEDY, Appellant.

Fourth Department, June 10, 2005

**APPEARANCES OF COUNSEL**

*Muldoon & Getz*, Rochester (*Gary Muldoon* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Margaret A. Jones* of counsel), for respondent.

### OPINION OF THE COURT

PIGOTT, JR., P.J.

In this matter of apparent first impression in an appellate court in New York, we are called upon to determine whether a conviction by military court-martial can form the basis of a risk level classification as a sex offender. Defendant was convicted of indecent assault in violation of article 134 of the Uniform Code of Military Justice ([UCMJ] 10 USC § 934) and received a bad-conduct discharge from the United States Navy. He now appeals from an order determining that he is a level two risk as a result of that conviction pursuant to Correction Law § 168 *et seq.*, commonly known as the Sex Offender Registration Act (SORA). On this appeal, defendant's primary contention is that County Court erred in its determination because the offense of which defendant was convicted by court-martial is not a sex offense within the meaning of SORA. For the following reasons, we reject defendant's contention.

### I

Following his conviction, defendant established residence in New York and, on March 31, 2003, pursuant to 10 USC § 951 (Note), the Navy provided notice of his conviction to the New York State Board of Examiners of Sex Offenders (Board). The Board thereupon conducted an assessment of defendant and recommended that he be classified as a level two risk pursuant to Correction Law § 168-*l* (6) (b). A hearing pursuant to Correction Law § 168-n was held, at which defendant contended, inter alia, that he did not commit a sex offense as defined in SORA because the elements of indecent assault under the UCMJ do not correspond to the elements of any of the enumerated offenses under Correction Law § 168-a (2) (a), as required by section 168-a (2) (d) (i). The court determined that defendant was a level two risk in accordance with the Board's recommendation, finding that defendant committed a sex offense as defined in section 168-a (2) (d) (ii).

### II

Correction Law § 168-a (1) defines a sex offender as any person who is convicted of, inter alia, a sex offense set forth in section 168-a (2). Section 168-a (2) (a), which concerns sex of-

fenses committed in New York, defines a sex offense by reference to the provisions of the Penal Law regarding sex crimes, e.g., sexual misconduct (Penal Law § 130.20), rape in the third degree (§ 130.25), rape in the second degree (§ 130.30), and sexual abuse in the second degree (§ 130.60). Correction Law § 168-a (2) (d), which concerns sex offenses committed in jurisdictions other than New York, further defines a sex offense to include:

"a conviction of (i) an offense in any other jurisdiction which includes all of the essential elements of any such crime provided for in paragraph (a) . . . of this subdivision or (ii) *a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred* . . . , provided that the elements of such crime of conviction are substantially the same as those which are a part of such offense as of the date on which this subparagraph takes effect" (emphasis added).

### III

In order to determine whether defendant is a sex offender pursuant to Correction Law § 168-a (2) (d) (ii), it is first necessary to examine whether the crime of indecent assault is considered a felony for purposes of the statute. Military offenses have been deemed felonies for purposes of second felony offender sentencing (*see Matter of Booth v Clary*, 83 NY2d 675, 679 [1994], citing *People v Benjamin*, 22 NY2d 723 [1968], *mot to amend remittitur granted* 23 NY2d 697 [1968] [conviction by court-martial may be treated as felony conviction under the law of another jurisdiction]; *see also People v Roman*, 176 AD2d 568, 569 [1991], *lv denied* 79 NY2d 863 [1992]; *People v Williams*, 78 AD2d 643 [1980]). Thus, we conclude that military offenses may be felonies for purposes of "other jurisdiction" SORA determinations (Correction Law § 168-a [2] [d]; *see Matter of Coram v Board of Examiners, Sex Offender Registry of State of N.Y.*, 195 Misc 2d 392, 400 [2003]), and we turn to federal law to determine whether the offense in this case is a felony or a misdemeanor.

The UCMJ does not designate offenses as misdemeanors and felonies. However, under federal criminal statutes, offenses are classified by the maximum term of imprisonment authorized (*see* 18 USC § 3559 [a]). An offense that carries a maximum

term of imprisonment of less than 10 years but at least 5 years is a class D felony (see § 3559 [a] [4]). A conviction of indecent assault carries a maximum sentence of five years confinement. Because the offense is properly considered a federal class D felony, we conclude that it should be considered a felony for purposes of SORA.

Next, we must determine whether a military court-martial is considered an "other jurisdiction" for purposes of Correction Law § 168-a (2) (d). Effective March 11, 2002, SORA was amended in order to bring it into compliance with applicable federal statutes. In his memorandum approving the amendments, Governor Pataki cited the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program (42 USC § 14071) as requiring the amendment of Correction Law § 168-a (2) (d) (see Governor's Program Bill Mem approving L 2002, ch 11, 2002 NY Legis Ann, at 7). That federal statute expressly mandates registration "upon release" of "persons sentenced by courts[-]martial," and further requires that each state ensure that procedures are in place to accept registration information from "residents who were convicted in another [s]tate, convicted of a [f]ederal offense, *or sentenced by a court[-]martial*" (42 USC § 14071 [b] [7] [A] [emphasis added]). We therefore conclude that the phrase "any other jurisdiction" as used in Correction Law § 168-a (2) (d) (ii) includes a military court-martial for purposes of determining whether defendant committed a sex offense under the statute.

Finally, we conclude that, for purposes of Correction Law § 168-a (2) (d) (ii), defendant was "required to register as a sex offender in the jurisdiction in which the conviction occurred." Secretary of the Navy Instruction 5800.14 provides that a conviction of, inter alia, indecent assault in violation of UCMJ article 134 "shall trigger requirements to notify [s]tate and local law enforcement agencies and to provide information to [the offender] concerning sex offender registration requirements." We therefore conclude that the court properly classified defendant as a sex offender pursuant to Correction Law § 168-a (2) (d) (ii).

## IV

We have reviewed defendant's remaining contentions and conclude that they are without merit. Accordingly, the order should be affirmed.

GREEN, KEHOE, MARTOCHE and HAYES, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.