Matter of Cline (2024 NY Slip Op 03460)

Matter of Cline

2024 NY Slip Op 03460

Decided on June 25, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Barbara R. Kapnick
Lizbeth González
Martin Shulman
Kelly O'Neill Levy, JJ.

Motion No. 2024-02110 Case No. 2024-02308 

[*1]In the Matter of Lawrence A. Cline, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lawrence A. Cline (Admitted as Lawrence Albert Cline) (OCA ATTY. REG. NO. 2866036), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lawrence A. Cline, was admitted, as Lawrence Albert Cline, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 12, 1998.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Gillian C. Gamberdell, Esq.), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Lawrence A. Cline was admitted to the practice of law in the State of New York by the First Judicial Department on January 12, 1998, under the name Lawrence Albert Cline. Although respondent does not have a business address on file with the Office of Court Administration, this Court retains continuing jurisdiction over respondent as the Judicial Department in which he was admitted to practice (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
On October 2, 2012, respondent was convicted in the United States District Court for the Eastern District of New York, upon his plea of guilty, of conspiracy to commit wire fraud (18 USC §§ 1343, 1349), a federal felony. Respondent's guilty plea stems from his time working for a series of investment companies between 2004 and 2007. According to respondent's plea allocution, in 2006, he and two business partners, unhappy with their revenues from the investments, transferred approximately $30 million out of a business account and into accounts that they personally controlled. Respondent concealed the transfer of these funds by sending false and misleading financial reports across state lines. During 2006 and 2007, respondent and his business partners transferred the stolen monies to multiple nominee and shell entities in multiple countries, in order to conceal the location of the funds. Respondent admitted that he kept approximately $300,000 of the stolen funds for himself.
On December 19, 2014, respondent was sentenced to, among other things, a probation term of three years. Respondent never reported his conviction either to this Court or petitioner Attorney Grievance Committee (AGC), which now moves, under Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1), to strike respondent's name from the roll of attorneys on the ground that he has been automatically disbarred by his conviction of a felony. Specifically, it argues that the federal crime of conspiracy to commit wire fraud (18 USC §§ 1343, 1349) is essentially similar to the New York crime of scheme to defraud in the first degree in violation of (Penal Law § 190.65 [1][b]), triggering respondent's automatic disbarment. Respondent has not opposed or otherwise appeared in this proceeding.
Judiciary Law § 90(4)(a) provides that any attorney "convicted of a felony . . . shall[,] upon such conviction, cease to be an attorney." For this purpose, a felony includes "any [*2]criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which[,] if committed within this state[,] would constitute a felony in this state" (Judiciary Law § 90[4][e]). "For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see e.g. Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). Further, the Rules for Attorney Disciplinary Matters state, "Upon the Court's determination that the respondent has committed a felony within the meaning of Judiciary Law § 90(4)(e), the Court shall strike the respondent's name from the roll of attorneys" (22 NYCRR 1240.12[c][1]).
Although not categorized as such in any of the documentation submitted, the offense to which respondent pleaded guilty is a felony. Under federal criminal law, "a 'felony' is an offense for which the 'maximum term of imprisonment authorized' is 'more than one year'" (Moncrieffe v Holder, 569 US 184, 188 [2013], quoting 18 USC § 3559 [a][5]; see also People v Kennedy, 20 AD3d 137, 139 [4th Dept 2005] ["under federal criminal statutes, offenses are classified (as misdemeanors or felonies) by the maximum term of imprisonment authorized"], revd on other grounds 7 NY3d 87 [2006]). Here, the charge of conspiracy to commit wire fraud (18 USC §§ 1343, 1349) authorizes a maximum term of imprisonment of 20 years and is therefore equivalent to a Class C felony (18 USC § 3559 [a] [3]). Thus, it is a proper predicate for automatic disbarment.
Furthermore, this Court has previously held that conspiracy to commit wire fraud in violation of 18 USC §§ 1343 and 1349 is essentially similar to the New York felony of scheme to defraud in the first degree in violation of Penal Law § 190.65(1)(b) (Matter of Feuer, 137 AD3d 78 [1st Dept 2016]).
Accordingly, the AGC's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law, nunc pro tunc to October 2, 2012, the date of his plea.
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), disbarring respondent Lawrence A. Cline, admitted as Lawrence Albert Cline, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to October 2, 2012; and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Lawrence A. Cline, admitted as Lawrence Albert Cline, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission[*3], or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Lawrence A. Cline, admitted as Lawrence Albert Cline, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Order that if respondent, Lawrence A. Cline, admitted as Lawrence Albert Cline, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 25, 2024