■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 24, 1978, convicting him of attempted rape in the first degree, two counts of robbery in the first degree and two counts of assault in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Defendant was sentenced as a second felony offender (see Penal Law, § 70.06) on the basis of a prior court-martial conviction rendered while he was serving in the Armed Forces. On appeal, defendant challenges the constitutionality of using court-martial convictions for enhanced sentencing purposes (see CPL 400.21). Defendant argues that court-martial proceedings have inherent deficiencies which prevent them from affording the accused the full range of due process protections given to the accused in a criminal trial in the civilian sphere. These deficiencies were noted by the Supreme Court of the United States in *O'Callahan v Parker* (395 US 258). Among the specific deficiencies noted by defendant are the broad powers of the convening officer to appoint both prosecuting and defense counsel (US Code, tit 10, § 827); to appoint the members of the court-martial (US Code, tit 10, § 825); and to appoint the military Judge (US Code, tit 10, § 826). Defendant argues that although these deficiencies do not render court-martial convictions invalid, their validity is limited to those situations where they are serving the particular purpose of preserving military duty and discipline (see *O'Callahan v Parker, supra),* and when used for a purpose other than to preserve military duty and discipline, such use is unconstitutional. To support his argument, defendant relies upon a recent Supreme Court decision, *Baldasar v Illinois* (446 US 222), which held that a prior uncounseled misdemeanor conviction, valid in and of itself, may not be used to impose an enhanced sentence, upon defendant's conviction of a subsequent offense. The enhanced sentence of imprisonment would constitute an actual deprivation of liberty without having afforded the accused the right to appointed counsel (see *Scott v Illinois,* 440 US 367). Defendant maintains, by analogy, that just as an otherwise valid uncounseled misdemeanor conviction may not be used to enhance sentencing, so too, an otherwise valid court-martial conviction may not be extended to the civilian sphere to enhance sentencing. The use of prior court-martial convictions to impose enhanced sentences upon convicted felons has long been recognized as permissible in New York (see *People v Benjamin,* 22 NY2d 723, mot to amd remittitur granted 23 NY2d 697). Although *Baldasar (supra)* raises some questions regarding the limits of enhanced sentencing statutes, it is clearly distinguishable from the case at bar. Absent an indication by either the United States Supreme Court or the New York Court of Appeals that the use of court-martial convictions for enhanced sentencing purposes is prohibited, we hold, on the authority of *People v Benjamin (supra),* that the trial court properly sentenced defendant as a second felony offender. We have considered defendant's other arguments and find them to be without merit. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.