480 So.2d 615 (1985)
Cleve G. ESTERS
v.
STATE.
1 Div. 974.
Court of Criminal Appeals of Alabama.
July 23, 1985.
On Return to Remand December 10, 1985.
*616 James H. Lackey, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Rivard Melson, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
On January 7, 1985, appellant was tried before a jury and found guilty of rape in the first degree. On January 11, 1985, he was sentenced to life imprisonment without parole pursuant to the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975.
Appellant does not challenge the sufficiency of the evidence supporting his rape conviction. The only issue for our review on appeal is whether the trial court properly considered his prior convictions for enhancement purposes during the sentencing proceedings. During the sentencing hearing the State presented evidence of two previous Alabama felony convictions and two United States military court-martial convictions.
A proper method for proving a prior conviction is by introducing a certified copy of the judgment entry, Livingston v. State, 419 So.2d 270 (Ala.Crim.App.), cert. denied, 419 So.2d 270 (Ala.1982), or a certified copy of the minute entry, Crittenden v. State, 414 So.2d 476 (Ala.Crim.App. 1982); Thatch v. State, 397 So.2d 246 (Ala. Crim.App.), cert. denied, 397 So.2d 253 (Ala.1981), which must affirmatively show that the defendant was represented by counsel at the time of the prior conviction. An accused's testimony that he has been previously convicted of a felony is also proper proof of prior convictions in habitual offender proceedings. Fisher v. State, 453 So.2d 2 (Ala.Crim.App.1984).
The record before us discloses that appellant pleaded guilty to the offense of assault with intent to ravish in the Circuit Court of Talladega County, Alabama, Case No. 9060, and was sentenced to a term of two years in the penitentiary on August 24, 1977. This felony conviction was properly proven by a certified copy of the judgment entry of the trial court, which affirmatively showed that appellant was represented by counsel during the proceedings. Appellant concedes this in his brief. It was therefore proper for the trial court to admit the evidence of this conviction and to consider it in sentencing appellant under the Habitual Felony Offender Act.
The record further discloses a certified copy of a complaint and writ of arrest from the District Court of Clay County, Alabama, and a certified copy of an indictment in the Circuit Court of Clay County, Spring Term 1979, charging appellant with "forcibly ravishing" LeLanoia Wyckoff. The trial court admitted this evidence over the objection of appellant as proof of the conviction of appellant for the alleged crime in Clay County, and considered same in sentencing appellant under the Habitual Felony Offender Act. This alleged felony conviction was not properly proven, and it was error for the trial court to consider it in sentencing appellant, since there was no judgment or minute entry indicating conviction of this charge.
The State introduced into evidence certified copies of special court-martial proceedings of the 4th Infantry Division, Fort Carson, Colorado, showing that appellant, while a private (E-2) in the U.S. Army, had been convicted of striking two of his superior commissioned officers, and a superior non-commissioned officer. For these offenses *617 he was sentenced to receive a bad conduct discharge, a $200 fine per month for six months, reduction to the grade of private (E-1), and confinement at hard labor for six months. These offenses constituted two separate charges, and the convictions were offered by the State as being two separate felony convictions to be considered by the trial judge in sentencing appellant. The evidence of the court-martial was admitted by the trial court, over objection of appellant, and considered by the court for enhancement purposes. In addressing this issue, we must first determine whether or not a prior court-martial conviction may be used to enhance punishment in applying the provisions of the Alabama Habitual Felony Offender Act.
The trial court is required to conduct the sentencing hearing when applying the Habitual Felony Offender Act in accordance with A.R.Crim.P.Temp. 6(b)(3). The test in determining what convictions shall be considered felonies in administering the Act is set out in A.R.Crim.P.Temp. 6(b)(3)(iv), as follows:
"Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980."
A felony is defined in § 13A-1-2(4), Code of Alabama 1975, as "an offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title."
The courts of at least three states, New York, California, and Louisiana, and of the District of Columbia, have construed statutes analogous to our habitual felony offender act to permit the use of court-martial convictions as prior felonies, provided that the military offense is equivalent to a forum-state felony. People v. Calderon, 205 Cal.App.2d 566, 23 Cal.Rptr. 62 (1962); Scott v. United States, 392 A.2d 4 (D.C. 1978); State v. Bullock, 329 So.2d 733 (La. 1976); People v. Williams, 78 A.D.2d 643, 432 N.Y.S.2d 121 (1980); People v. Benjamin, 7 A.D.2d 410, 184 N.Y.S.2d 1 (1959), aff'd, 8 N.Y.2d 812, 168 N.E.2d 389, 202 N.Y.S.2d 320, cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960). Although the courts of at least two states have adopted a contrary view, State v. Paxton, 201 Kan. 353, 440 P.2d 650, cert. denied, 393 U.S. 849, 89 S.Ct. 137, 21 L.Ed.2d 120 (1968); State v. Mitchell, 659 S.W.2d 4 (Mo.App.1983), we find this contrary view unpersuasive. Thus, we are inclined to follow the approach of the majority.
The Alabama Habitual Felony Offender Act, § 13A-5-9, provides that any felony of which a defendant has been previously convicted shall be considered in sentencing. A.R.Crim.P.Temp. 6(b)(3)(iv) provides that any conviction in any jurisdiction shall be considered. A conviction for an offense in another state that would be a felony if committed in Alabama would be considered a felony conviction for purposes of applying Alabama's Habitual Felony Offender Act. E.g., Pearson v. State, 455 So.2d 963 (Ala.Crim.App.), cert. denied, 455 So.2d 963 (Ala.1984); Beaver v. State, 455 So.2d 253 (Ala.Crim.App.1984). Similarly, punishment may be enhanced based on federal court convictions. E.g., Reese v. State, 456 So.2d 341 (Ala.Crim.App.1982), cert. denied, ___ U.S. ___, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983); Long v. State, 446 So.2d 658 (Ala.Crim.App.1983); Carter v. State, 420 So.2d 292 (Ala.Crim.App.1982). The Uniform Code of Military Justice, under which appellant was previously convicted, is a law of the United States and has the force and effect of federal statutes. People v. Benjamin, supra; 10 U.S.C.A. § 801, et seq; 6 C.J.S. Armed Services § 155 (1975). We have previously held that all felonies come within the purview of the Habitual Felony Offender Act, regardless of origin. Long v. State, supra; Aplin v. State, 421 So.2d 1299 (Ala.Crim.App.1981); Watson v. State, 392 So.2d 1274 (Ala.Crim. *618 App.1980), cert. denied, 392 So.2d 1280 (Ala.1981).
The obvious intent of the legislature in enacting the Habitual Felony Offender Act was to authorize the infliction of a more severe penalty on one who is a persistent offender, regardless of when and where the prior convictions occurred. The legislature obviously did not intend to exclude all court-martial convictions from consideration under the Act. Had it intended to do so it would have provided for such exclusion in the statute; we should not create an exclusion without clear manifestation of legislative intent. It is apparent that the use of the words "any felony" in the act, and "any conviction" in "any jurisdiction" in the rule evidences an intent that court-martial convictions be considered for enhancement purposes. To quote from Scott v. United States, 392 A.2d at 8, "it would be nonsensical to hold, for example, that the military equivalents of murder or armed robbery would be exempt from use to increase a sentence." We, therefore, hold that a prior court-martial conviction may be used to enhance punishment in applying Alabama's Habitual Felony Offender Act, provided it meets the test set out in A.R.Crim.P.Temp. 6(b)(3)(iv).
Having decided that court-martial convictions can be used for enhancement purposes in Alabama, we come then to the question of whether the conduct of appellant made the basis of those convictions constitutes felonies under the Alabama Criminal Code, or would have constituted felonies had the conduct taken place in Alabama on or after January 1, 1980. In other words, do the court-martial convictions meet the felony test of A.R.Crim.P. Temp. 6(b)(3)(iv). We say no. The conduct made the basis of the court-martial convictions, striking two commissioned officers and a non-commissioned officer, would constitute an assault in the third degree under the Alabama Criminal Code, § 13A-6-22, which is a Class A misdemeanor. The two court-martial convictions do not constitute prior felony convictions which can be used for enhancement purposes under our Habitual Felony Offender Act. If the conduct underlying the convictions had taken place in Alabama and had been subject to the laws of this state, it would not have constituted a felony. It was therefore error for the trial court to consider the court-martial convictions in sentencing appellant. The trial judge considered four prior convictions as felonies in sentencing appellant, when under the record before us he should have considered only one.
While appellant's issues raised no error prejudicial to the verdict and judgment of guilty, we must remand this case to the trial court with instructions to vacate its previous sentence and conduct a new sentencing hearing, and a resentencing in a manner consistent with this opinion. A return to this order of remandment shall be made in due course with notice to the parties.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
This case was remanded to the trial court with instructions to vacate its previous sentence of life imprisonment without parole, conduct a new sentencing hearing consistent with the opinion of this court, and resentence appellant accordingly. Due return has been made to this court, which shows that the trial court has fully complied with our instructions. The previous sentence of life imprisonment without parole was set aside, and after a hearing, appellant was resentenced to life imprisonment. The new sentence is properly within the limits authorized for conviction of the crime of rape in the first degree where the convicted person has one prior felony conviction. Ala.Code §§ 13A-6-61, 13A-5-9(a)(3) (1975). Appellant having been properly sentenced, this case is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.