COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


BARRY TURNER
                                             OPINION BY
v.    Record No. 0938-01-1          JUDGE RICHARD S. BRAY
                                          AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                  Rodham T. Delk, Jr., Judge

          Michael J. Lutke (Office of the Public
          Defender, on brief), for appellant.

          Jennifer R. Franklin, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Barry Turner (defendant) was convicted by a jury for

possession of a firearm by a convicted felon in violation of Code

§ 18.2-308.2.  In proof of the predicate prior felony, the

Commonwealth relied upon the earlier conviction of defendant by

general court-martial for "Housebreaking," in violation of Article

130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 930

(1998),[1] while he served in the armed forces.  For purposes of

_____

     [1] 10 U.S.C. § 930 (1998), entitled "Housebreaking,"
provides:

          Any person subject to this chapter who
          unlawfully enters the building or structure
          of another with intent to commit a criminal
          offense therein is guilty of housebreaking
          and shall be punished as a court-martial may
          direct.

sentencing, the trial court classified the previous offense a "violent felony" pursuant to Code § 18.2-308.2(A) and companion Code § 17.1-805(C), thereby triggering the attendant "minimum, mandatory term of imprisonment of five years." On appeal, defendant contends the predicate offense was not a felony within the intendment of the statute but, if so, not a violent crime. Finding the prior offense constituted a felony, we affirm the conviction. However, because the crime was not a "violent felony" contemplated by statute, we reverse the sentence and remand for resentencing.

I.

For purposes of appeal, defendant does not dispute he was found in possession of a firearm on July 3, 2000, by Southampton County Deputy Sheriff Joseph M. Blythe. An initial investigation by Blythe "to see if [the weapon] was stolen" "came back negative," and it was returned to defendant. Blythe also "check[ed] [defendant's] record," but the evidence does not disclose the results. However, "after the case was sent to the Commonwealth," defendant was charged with the instant offense, and Blythe recovered the firearm from his residence.

Following indictment, the Commonwealth filed a pretrial motion seeking "a . . . determination . . . concerning whether a military court-martial for housebreaking constitutes a 'violent felony' as contemplated by Code §§ 18.2-308.2 and 17.1-805." Testifying for the Commonwealth at the related hearing, Thomas J.

-

Lambert, "legal and hearing services officer for the Virginia Department of State Police," explained, without objection, that military "offenses," "rules of evidence" and "the like" are "set out" in the "Rules of Courts-Martial," "the regulatory authority based upon Title 10 of the United States Code," the UCMJ. Lambert noted that military justice does not identify offenses as felonies or misdemeanors, but jurisdictional distinctions between a "general" and "special" court-martial differentiate crimes by tribunal. A general court-martial, "the . . . military equivalent of a jury," "may award any punishment . . . up to and including the death penalty" and "dishonorable discharge," while penalties before a "special court-martial" are limited to "[s]ix months confinement," loss of pay, and "bad conduct discharge."

Upon review of the "paperwork" incident to the "general court-martial" of defendant, Lambert testified defendant was convicted of "unlawful entry . . . housebreaking," a crime with a "[m]aximum punishment" under the UCMJ of "five years confinement." Accordingly, the Commonwealth contended the offense was a "serious crime punishable by imprisonment for more than one year . . . or by death," the "standard definition" of a felony consistent with Code §§ 18.2-8, -9 and -10. In response, defendant argued "Housebreaking" under the UCMJ was not a felony contemplated by Code § 18.2-308.2(A) and clearly not a "violent felony."

The court initially ruled the UCMJ offense constituted a felony under Virginia law, although "not a violent felony"

-

implicating the attendant mandatory punishment.  However, upon motion to reconsider by the Commonwealth on the morning of trial, the court found "Housebreaking" was "a substantially similar offense to statutory burglary, . . . a violent offense by definition under [Code §] 17.1-805, and therefore, . . . a violent felony as defined by . . . [Code §] 18.2-308," "set[] aside" the earlier ruling and proceeded with trial.

In proof of the requisite prior conviction, the Commonwealth relied upon the UCMJ conviction in issue, introducing into evidence, without objection, copies of a "Charge Sheet," a "SJA [Staff Judge Advocate] Post-Trial Recommendation," and a "General Court-Martial Order," a document described by Lambert as "the equivalent of a conviction order."  The order recites defendant was found "Guilty" of "Housebreaking" in violation of Article 130, UCMJ, 10 U.S.C. § 930 by a "general court-martial" of the United States Army, resulting in punishment that included "reduc[tion] to the grade of E1, confinement for two months and a bad-conduct discharge."

Defendant testified he joined the Army in August of 1997, "got caught housebreaking in 1998," was "court-martialed" and received a "bad conduct discharge."  He did not "remember" mention of "a felony" during the proceedings.  Defendant admitted purchasing the offending firearm from Norman E. Fanny, a licensed dealer, completing the "forms" necessary to the transaction and returning the following day to "[p]ick[] it up," the sale having

-

been approved without incident.  Fanny corroborated defendant's testimony with respect to his purchase of the offending weapon and recalled a like transaction with defendant several months earlier.

At the conclusion of the evidence, defendant renewed an earlier motion to strike, challenging the sufficiency of the evidence to establish either the existence of a requisite prior felony conviction or an offense implicating the related mandatory punishment.  The trial court, however, overruled the motion and submitted the case to the jury upon instructions that included the "fixed punishment of five years in the penitentiary," mandated by prior conviction for a "violent felony."  The jury subsequently found defendant guilty of the instant crime and, consistent with the instruction, recommended the required punishment.  After considering a pre-sentence report, the court imposed the prescribed sentence, resulting in this appeal.

## II.

Code § 18.2-308.2(A) provides, in pertinent part:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm . . . .

Defendant first contends the court erroneously determined "Housebreaking," as proscribed by the UCMJ, a "felony" under Code § 18.2-308.2(A), arguing, "any conviction other than a crime labeled as a felony would go beyond the plain language of the statute."  We disagree.

-

A "felony" is generally defined as "[a] serious crime usually punishable by imprisonment for more than one year or by death."  Black's Law Dictionary 633 (7th ed. 1999); see also Webster's Ninth New Collegiate Dictionary 456 (1983) (defining "felony" as "a crime for which the punishment in federal law may be death or imprisonment for more than one year"); 1 Charles E. Torcia, Wharton's Criminal Law § 19 (15th ed. 1993) ("An offense . . . is a felony if it is punishable by imprisonment for more than one year . . . .").  Accordingly, "the grade of the offense is fixed by the punishment."  Bell v. Commonwealth, 167 Va. 526, 531, 189 S.E. 441, 443 (1937).  Thus, in Virginia, "[o]ffenses are either felonies or misdemeanors.  Such offenses as are punishable with death or confinement in a state correctional facility are felonies; all other offenses are misdemeanors." Code § 18.2-8.  Code § 18.2-9 categorizes felonies from "Class 1" to "Class 6," with related sentencing ranges from "imprisonment for not less than one year" to "death, or imprisonment for life."  Code § 18.2-10.[2]

Here, a conviction for "Housebreaking" under Article 130, UCMJ, 10 U.S.C. § 930 (1998), carries a "[m]aximum punishment" of "confinement for five years," together with "[d]ishonorable

_____

    [2] A discretionary penalty of "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both," expressly permitted for "Class 5 felonies" and "Class 6 felonies," clearly does not reduce such offenses to a misdemeanor.  Code § 18.2-10(e) and (f).

-

discharge, [and] forfeiture of all pay and allowances," a

penalty clearly consistent with a felony in Virginia. The trial

court, therefore, correctly classified the UCMJ offense a

"felony" for purposes of Code § 18.2-308.2(A).[3]

III.

Defendant next contends the evidence was insufficient to

support his conviction. Because his purchase of the offending

weapon from Fanny had been approved following the requisite

"legal procedures," and Deputy Blythe did not arrest him "on the

night in question," and "the term 'felony' was never discussed

---

[3] Other states have reached a like result in classifying
convictions under the UCMJ. See, e.g., Esters v. State, 480
So. 2d 615 (Ala. Crim. App. 1985) (prior court-martial
conviction may enhance punishment under Alabama's Habitual
Felony Offender Act, provided crime is a felony in Alabama);
People v. Calderon, 23 Cal. Rptr. 62 (Cal. Ct. App. 1962)
(conviction by court-martial may be treated by state courts as
prior felony conviction for purpose of enhancing punishment);
Scott v. United States, 392 A.2d 4 (D.C. 1978) (where military
offense is equivalent to forum-state felony, court-martial
conviction may increase sentence); State v. Wright, 598 So. 2d
493 (La. Ct. App. 1992) (court did not err in considering prior
court martial conviction in sentence because crime a felony in
Louisiana); People v. Williams, 432 N.Y.S.2d 121 (N.Y. App. Div.
1980) (permissible to use prior court-martial conviction to
enhance sentence upon convicted felon); People v. Benjamin, 184
N.Y.S.2d 1 (N.Y. App. Div. 1959) (court-martial conviction for
any crime a felony under New York law would constitute a prior
conviction for the purpose of sentence enhancement); Millwood v.
State, 721 P.2d 1322 (Okla. Crim. App. 1986) (conviction arising
from general court-martial proceedings may enhance punishment
for subsequent offenses committed in Oklahoma, provided such
conviction arose from offense similar to Oklahoma statute);
Commonwealth v. Smith, 598 A.2d 268 (Pa. 1991) (prior conviction
by court-martial for robbery constitutes a conviction for
purposes of imposing mandatory sentence pursuant to Pennsylvania
statute).

-

throughout the Army Court Martial," defendant maintains "there was reasonable doubt as to whether or not [he] was a convicted felon."  We find his argument without merit.

The record does not disclose the results of any "criminal record check" that attended either the handgun purchases or Blythe's investigation.  Thus, assuming, without deciding, that any related conclusions would be relevant to the issue of reasonable doubt under the circumstances, the record is silent on the data provided to authorities in each instance, thereby preventing proper appellate consideration of the question.  With respect to a misunderstanding by defendant of the import of the UCMJ conviction, his "ignorance of the law is no excuse."  Miller v. Commonwealth, 25 Va. App. 727, 731-32, 492 S.E.2d 482, 485 (1997).

## IV.

Lastly, insisting the crime of "Housebreaking" is not a "violent felony" embraced by Code §§ 18.2-308.2(A) and 17.1-805(C), defendant contends the trial court erroneously instructed the jury and imposed the sentence mandated by Code § 18.2-308.2(A).

In fixing punishment for a violation of Code § 18.2-308.2(A), the statute provides, in pertinent part:

> Any person who violates this section shall
> be guilty of a Class 6 felony.  However, any
> person who violates this section by
> knowingly and intentionally possessing or
> transporting any firearm and who was

-

previously convicted of a violent felony as
defined in § 17.1-805 shall not be eligible
for probation, and shall be sentenced to a
minimum, mandatory term of imprisonment of
five years.  Any person who violates this
section by knowingly and intentionally
possessing or transporting any firearm and
who was previously convicted of any other
felony shall not be eligible for probation,
and shall be sentenced to a minimum,
mandatory term of imprisonment of two
years. . . .

(Emphasis added).  Companion Code § 17.1-805(C) directs, inter

alia, that:

For purposes of this chapter, violent felony
offenses shall include any violation of
. . . [Code] §§ 18.2-90, 18.2-91, 18.2-92
. . . ; or any conspiracy or attempt to
commit any offense specified in this
subsection, and any substantially similar
offense under the laws of any state,
District of Columbia, the United States or
its territories."

(Emphasis added).

A.

Defendant first contends that a "proper and grammatical

reading of Code § 17.1-805(C) clearly indicates that the phrase

'and any substantially similar offense under the laws of any

state, the District of Columbia, the United States or its

territories' applies only to conspiracies or attempts to commit

the offenses specified."  Again, we disagree.

"When statutory construction is required, we construe a

statute to promote the end for which it was enacted, if such an

interpretation can reasonably be made from the language used."

-

Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994). "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "Although penal laws are to be construed strictly [against the Commonwealth], they 'ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (citation omitted). Moreover, "a statute should never be construed so that it leads to absurd results." Branch, 14 Va. App. at 839, 419 S.E.2d at 424.

Limiting the definition of "violent felony" to "conspiracies or attempts," as defendant suggests, would require a "narrow or strained" construction of Code § 17.1-805(C), inviting an absurd result. See id. Adopting defendant's logic, a person convicted of attempted murder in another jurisdiction would suffer the mandatory five-year sentence prescribed by Code § 18.2-308.2(A), while a convicted murderer would escape the harsher penalty. A reasonable construction of the statute would include as violent felonies those offenses enumerated in Code § 17.1-805(C), together with a "conspiracy or attempt to commit" such crimes, and offenses in other jurisdictions "substantially similar" to those specified by the statute.

-

B.

Defendant next complains the crime of "Housebreaking" is not "substantially similar" to any offense designated in Code § 17.1-805(C).  In response, the Commonwealth contends the offense is "substantially similar to . . . Code §§ 18.2-91 and -92," "statutory burglary."

Manifestly, to prove "Housebreaking" under the UCMJ among those crimes embraced by the punishment provisions of Code § 18.2-308.2(A), "[t]he Commonwealth bears the burden of proving that an out-of-state conviction was obtained under [a] law[] substantially similar to those" enumerated in Code § 17.1-805(C).  Shinault v. Commonwealth, 228 Va. 269, 271, 321 S.E.2d 652, 654 (1984).  "[I]f a person may be convicted of an offense under another jurisdiction's statute for conduct which might not result in a conviction under [the Virginia Code], the statutes are not 'substantially conforming'"  Cox v. Commonwealth, 13 Va. App. 328, 330-31, 411 S.E.2d 444, 446 (1991).[4]

---

[4] The accused in Shinault was convicted for drunk driving and punished as a recidivist under Code § 18.2-270, and the defendant in Cox was adjudicated an habitual offender and punished under Code § 46.2-351.  Nevertheless, Shinault and Cox widened Virginia statutes that incorporated foreign convictions by reference with language like Code § 17.1-805(C).  Compare Code § 17.1-805(C) ("For purposes of this chapter, violent felony offenses shall include any violation of . . . §§ 18.2-90, 18.2-91, 18.2-92 . . . and any substantially similar offense under the laws of any state, District of Columbia, the United States or its territories." (emphasis added)), with Code § 18.2-270 ("For the purposes of this section a conviction . . .

-

The prior conviction in issue here resulted from a violation of Article 130, UCMJ, 10 U.S.C. § 930 (1998), which proscribes "unlawful[] ent[ry] [into] the building or structure of another with intent to commit a criminal offense therein . . . ."

Code § 18.2-90 provides, in pertinent part:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house . . . or an adjoining, occupied outhouse . . . or any railroad car, or any automobile, truck or trailer . . . used as a dwelling or place of human habitation, with intent to commit murder, rape, robbery or arson . . . he shall be deemed guilty of statutory burglary, . . . a Class 3 felony.

"If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, . . . he shall [also] be guilty of statutory burglary," albeit upon a lesser penalty. Code § 18.2-91.

> If any person break and enter a dwelling house while said dwelling house is occupied, either in the day or nighttime, with the intent to commit any misdemeanor except

---

under . . . the laws of any other state substantially similar to the provisions of § 18.2-266 through 18.2-269 of this Code, shall be considered a prior conviction." (emphasis added)), and Code § 46.2-351 ("The offenses . . . of this section shall be deemed to include offenses under . . . any law of another state or any valid county, city, or town ordinance of another state substantially conforming to the aforesaid state statutory provisions." (emphasis added)).

-

                    assault and battery or trespass, he shall be
                    guilty of a Class 6 felony.

Code § 18.2-92.

        Thus, a person could be convicted of "Housebreaking" under

the UCMJ without evidence of elements indispensable to

violations of Code §§ 18.2-90, -91 or -92.  Accordingly, an

accused may be guilty of "Housebreaking" for conduct "which

might not result in a conviction under [the Virginia Code]."

Cox, 13 Va. App. at 330-31, 411 S.E.2d at 446.  Under such

circumstances, "Housebreaking" is not a "substantially similar

offense" and, therefore, not a "violent felony" within the

intendment of Code §§ 18.2-308.2(A) and 17.1-805(C).

        Accordingly, we affirm the conviction but remand the

proceedings to the trial court for resentencing consistent with

this opinion.

                                        Affirmed in part,
                                        reversed in part,
                                        and remanded.

                                -