COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


LARRY ALONZO OLIVER
                                                    OPINION BY
v.        Record No. 1887-04-1                JUDGE D. ARTHUR KELSEY
                                                    OCTOBER 18, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Patricia L. West, Judge

            Ben Pavek (Office of the Public Defender, on briefs), for appellant.

            Karri B. Atwood, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General; Leah A. Darron, Assistant Attorney
            General, on brief), for appellee.


        A jury found Larry Alonzo Oliver guilty of third-offense petit larceny.  During the

penalty phase of his bifurcated trial, the trial court admitted evidence of prior criminal

convictions Oliver received from special military courts-martial under the Uniform Code of

Military Justice.  Oliver objected to this evidence, arguing that the criminal convictions were not

convictions "under the laws of . . . the United States" for purposes of Code § 19.2-295.1.  The

trial court rejected the argument, as do we.

        Enacted by Congress and codified at 10 U.S.C. §§ 801-946, the provisions of the

Uniform Code of Military Justice (UCMJ) constitute laws of the United States — a conclusion

many courts, expressly or implicitly, have accepted.[1]  To be sure, we took it for granted in

---

    [1] See, e.g., State v. Wright, 598 So. 2d 493, 499 (La. Ct. App. 1992) (concluding that
provisions of "Uniform Code of Military Justice are laws of the United States" for purposes of
recidivism sentencing); see also Ex parte Lucas, 865 So. 2d 418, 421 (Ala. 2002) (holding that a
felony "conviction resulting from a court-martial proceeding conducted pursuant to the Uniform
Code of Military Justice" may be used for sentence enhancement); Esters v. State, 480 So. 2d

Turner v. Commonwealth, 38 Va. App. 851, 856-57, 568 S.E.2d 468, 470-71 (2002), when we held that convictions under the UCMJ involve criminal offenses "under the laws of . . . the United States" for purposes of Code § 17.1-805(C). We concede, as Oliver insists we must, that Turner did not extensively analyze the point and appears to have assumed its validity. Even so, it seemed then a fair and uncontroversial assumption. Upon further reflection, it does still.

This cannot and should not be so, Oliver responds, because some types of UCMJ military tribunals allegedly violate due process by affording inadequate procedural safeguards and by imposing unconstitutional criminal sanctions. Such hypothetical applications of Code § 19.2-295.1, however, do not change the plain meaning of its text or vary its intended purpose.

In principle, we accept that certain "wholly unconstitutional" convictions can be collaterally attacked and disqualified for consideration during sentencing. United States v. Tucker, 404 U.S. 443 (1972).[2] But, when available, the collateral attack remedy would not be offered on the ground that the invalid UCMJ conviction rested on something other than the "laws of . . . the United States" as that phrase appears in Code § 19.2-295.1. Instead, the invalid UCMJ conviction would be excluded from trial, if at all, because it violated a higher law of the United States: the Federal Constitution.

In any event, we need not address Oliver's hypothesis further. He does not raise on appeal any constitutional objections in contest of his UCMJ convictions. Nor did Oliver assert at

---

615, 617 (Ala. Crim. App. 1985) (holding that the UCMJ "is a law of the United States"); State v. Bullock, 329 So. 2d 733, 737 (La. 1976) (noting that the defendant was prosecuted under the UCMJ, "a law of the United States"); Cochran v. Missouri Nat'l Guard, 893 S.W.2d 814, 816 (Mo. 1995) (construing Missouri law uniformly with "the law of the United States, especially as embodied in the Uniform Code of Military Justice"); People v. Benjamin, 7 A.D.2d 410, 412 (N.Y. App. Div. 1959) (noting that the UCMJ, like its predecessors, has the "force and effect" of federal law).

[2] But cf. Custis v. United States, 511 U.S. 485 (1994) (holding mere denial of effective assistance of counsel does not warrant collateral attack remedies); Vester v. Commonwealth, 42 Va. App. 592, 596-97, 593 S.E.2d 551, 552-53 (2004).

trial any collateral attack of any kind against the presumed validity of the special courts-martial conviction orders introduced in his case. There being no such challenge, we presume military courts understand that they, "like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." Burns v. Wilson, 346 U.S. 137, 142 (1953).[3]

The trial court did not violate Code § 19.2-295.1 by admitting, during the sentencing phase of Oliver's bifurcated jury trial, criminal convictions he received from special courts-martial under the UCMJ. For this reason, we affirm Oliver's conviction for third-offense petit larceny.

Affirmed.

---

[3] In 1968, Congress rewrote the UCMJ "to incorporate many of the federal constitutional rights available to defendants in civilian criminal trials" conducted in federal and state courts. Christopher R. Pieper, Military Discipline & Criminal Justice: Prior Military Convictions as Predicate Felonies Under Missouri's Recidivism Statute, 70 Mo. L. Rev. 219, 223-24 (2005). See, e.g., 10 U.S.C. § 825 (providing for military juries); § 827(a)(1) (granting defense right to appointed counsel); § 831 (preserving privilege against self-incrimination); § 835 (entitling accused to copy of charges); § 844 (codifying double jeopardy principles); § 846-48 (affording accused the right to compel witnesses and to produce evidence on his behalf); § 859 (providing extensive appellate review of convictions).