COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


MELISSA GREENE, S/K/A
  MELISSA A. GREENE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0977-07-2                      JUDGE RANDOLPH A. BEALES
                                                    JULY 15, 2008

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                            Pamela S. Baskervill, Judge

                Richard G. White, Jr., Assistant Public Defender (Office of the
                Public Defender, on brief), for appellant.

                Eugene Murphy, Senior Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


        Melissa A. Greene (appellant) pled guilty to one count of felony embezzlement, in

violation of Code § 18.2-111.  Following the trial court's acceptance of the guilty plea, a

presentence report was prepared.  The report reflected a score of twenty under section A, which

then mandated a calculation of prior offenses under section C of the report.  The tabulation of

section C resulted in a total score of fifty-seven, thereby designating appellant as a Category 1

offender.  The score translated into a sentencing range of two years, four months to five years,

eleven months, with a midpoint of four years, nine months.

        Appellant objected to the calculation of section C of the presentence report, contending

that her prior conviction for robbery in Pennsylvania should not have been considered a violent

offense for purposes of calculating that section.  Because of the underlying facts of the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Pennsylvania robbery, which involved a purse snatching (and is classified under Pennsylvania law as a violent offense), appellant argued that the offense should be considered non-violent since Virginia treats larceny from the person as a non-violent offense. The trial court overruled appellant's argument, noting that, if the court accepted appellant's argument, "we would have to look into every offense in every other state, which would be impossible to do without the witnesses and totally impractical." The trial court subsequently sentenced appellant to ten years but suspended five years and six months of that sentence, thereby imposing an active term of incarceration of four years, six months.

Code § 19.2-298.01, which outlines the use of Virginia's discretionary sentencing guidelines, provides the following in subsection F: "The failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." Furthermore, as we explained in Hunt v. Commonwealth, 25 Va. App. 395, 488 S.E.2d 672 (1997),

> The sentencing guidelines are not binding on the trial judge. Rather, they are a tool designed to assist the judge in fixing an appropriate punishment. It is well-settled that "if the sentence was within the range set by the Legislature [for the crime with which the defendant was convicted], an appellate court will not interfere with the judgment."

25 Va. App. at 404-05, 488 S.E.2d at 677 (quoting Hudson v. Commonwealth, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990)). Therefore, "[t]his Court's review is limited to whether the sentence fell within the permissible statutory range." Smith v. Commonwealth, 26 Va. App. 620, 626, 488 S.E.2d 117, 120 (1998).

Here, appellant pled guilty to embezzling property with a total value of more than $200. Code § 18.2-111, which prohibits and criminalizes embezzlement, states, "Any person convicted hereunder shall be deemed guilty of larceny and may be indicted as for larceny and upon

conviction shall be punished as provided in § 18.2-95 or § 18.2-96." Code § 18.2-95 explains

that grand larceny (i.e., larceny of property having a "value of $ 200 or more") is

> punishable by imprisonment in a state correctional facility for not
> less than one nor more than twenty years or, in the discretion of the
> jury or court trying the case without a jury, be confined in jail for a
> period not exceeding twelve months or fined not more than
> $ 2,500, either or both

Therefore, the crime of felony embezzlement, to which appellant pled guilty, "carr[ies] a

maximum penalty of not more than 20 years in a state correctional facility." In re

Commonwealth's Atty. for City of Roanoke, 265 Va. 313, 317, 576 S.E.2d 458, 461 (2003).

Here, the trial court sentenced appellant to a total of ten years but suspended five years,

six months of that sentence. Thus, appellant's total sentence, notwithstanding the amount

suspended, constitutes exactly half of the maximum punishment for felony embezzlement. As a

result, since appellant's sentence is not in excess of the statutory maximum, we cannot review it

on appeal.[1] Because appellant's sentence falls within the permissible statutory range, we affirm

the judgment of the trial court.

Affirmed.

---

[1] Appellant cites Turner v. Commonwealth, 38 Va. App. 851, 568 S.E.2d 468 (2002), in support of her argument. In that case the Commonwealth, in order to trigger a mandatory minimum sentence, sought to prove that the defendant had been convicted, in another jurisdiction, of a violent felony. To do that, the Commonwealth had to prove beyond a reasonable doubt that the violent felony offense committed in the other jurisdiction was substantially similar to the offenses designated as such in Virginia. Id. at 860, 568 S.E.2d at 472. See also Code § 17.1-805(C). In this case, however, the Commonwealth did not have to show that appellant had previously committed a violent felony offense in order to prove she embezzled property having a value in excess of $200. As a result, the proposition we outlined in Turner and the provisions of Code § 17.1-805(C) do not apply to this case.