PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Russell and Senior Judge Bumgardner
Argued at Norfolk, Virginia

ANGEL ALEXIS CARTAGENA, A/K/A
  VEGUILLA ANGEL ALEXIS CARTEGENA

                                          OPINION BY
v.        Record No. 2002-16-1        JUDGE WESLEY G. RUSSELL, JR.
                                          NOVEMBER 28, 2017
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Melissa I. Bray, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Angel Alexis Cartagena was convicted in a bench trial of falsifying a firearm consent form

in violation of Code § 18.2-308.2:2, attempted possession of a firearm by a felon in violation of

Code § 18.2-308.2, and possession of a firearm by a felon in violation of Code § 18.2-308.2.  On

appeal, he contends that the evidence presented at trial was insufficient in that it did not establish the

range of punishment applicable to his prior felony conviction from the state of New York.

BACKGROUND

On May 8, 2015, Cartagena entered Liberty Pawn II in Virginia Beach and told the store

manager that he was interested in purchasing a firearm.  He asked her about the procedure for

purchasing a gun, and she responded that he was required to fill out two separate forms, one for

the state government and the other for the federal government.  Cartagena inquired about

questions 10A and 10B on the federal form, indicating that his race was not listed on the form.

The manager created a box "NA" for Cartagena to check.

The manager testified that, if a prospective firearm purchaser cannot read or write, she does not give them an application. If an applicant has a question of whether or not he or she has been convicted of a felony, she instructs the applicant to go to the local police precinct and speak with an officer to find out whether he or she is eligible to purchase a firearm. The manager did not have any such conversation with Cartagena. He marked the corresponding boxes on each form that he was not a convicted felon.

Cartagena provided the forms to the manager for processing. He failed the background check and was denied a firearms purchase. As a result, warrants eventually were issued for his arrest related to his attempted purchase.

Officer J.S. Shelton stopped the car that Cartagena was driving on November 4, 2015 for outstanding warrants for the registered owner. The officer verified Cartagena's identity as the car's registered owner, confirmed that there were outstanding warrants for Cartagena for firearms offenses (including falsifying a firearms form), and placed him in the back seat of his patrol vehicle. Cartagena then stated that he had a weapon in the back seat of his car. Officer Shelton searched Cartagena's car and found a Ruger .45 caliber semiautomatic handgun in a small compartment behind the passenger seat. Cartagena told Officer Shelton that he had tried to purchase a firearm at a pawn shop but he was not permitted to do so, so he purchased this gun from a gun trader on Facebook for $400. Cartagena showed Officer Shelton his bill of sale for the firearm, saying that if he "got caught with a gun" he would not be in any trouble.

The Commonwealth introduced a Uniform Sentence and Commitment order from the Fulton County Clerk's office, State of New York, as exhibit 2. The order indicates that upon a plea of guilty, Cartagena was convicted of "att[empt] assault," citing PL-110-120.05-06. The order specifically denotes that the offense is a felony. Along with the conviction order, the Commonwealth introduced a copy of the statute that was in effect at the time of the conviction,

indicating that N.Y. Penal Law § 120.05, Assault in the second degree, is a Class D felony.[1] Cartagena did not object to the introduction of either the conviction order or the statute.

At the close of the Commonwealth's case, Cartagena moved to strike the evidence, arguing, "[j]ust because New York calls this a felony does not in and of itself . . . qualify it necessarily as a felony without knowing what the punishments are available." Cartagena argued that "in Virginia a felony has to do with punishment . . . the punishment is what dictates whether something's a felony or a misdemeanor." Cartagena then argued that no evidence had "been presented to the court that discusses the punishment" range under the New York statute.

The Commonwealth countered by arguing that the evidence conclusively established that Cartagena had been convicted of a felony under the laws of the state of New York, which is all that the statute requires. Additionally, the Commonwealth asked the trial court to take judicial notice that, for the crime at issue, New York law provided for a potential term of imprisonment of greater than one year, which is a felony punishment in Virginia.

Noting that the New York record "says felony . . . [i]t clearly says a felony . . . ," the trial court denied the motion to strike. In doing so, the trial court did not indicate whether it was taking judicial notice that the New York offense for which Cartagena had been convicted carried a maximum punishment of greater than one year in prison.

Cartagena testified that he was born in Puerto Rico and moved to New York in 2011. He claimed that, when he was convicted in New York, he did not speak English and that he did not understand what happened to him. He testified, that when he applied to purchase the gun at Liberty Pawn, he said he could not read the paperwork and asked for help. He did not

---

[1] We note that, pursuant to N.Y. Penal Law § 100.5, a conviction for an attempt to commit a Class D felony is a Class E Felony. Pursuant to N.Y. Penal Law § 70.00, a Class E felony is punishable by a term of imprisonment of up to four years.

understand why his application had been denied. He believed that he legally could possess a firearm if he had a bill of sale for the gun. Cartagena then rested his case.

Cartagena renewed his motion to strike, reiterating that a felony in New York is not necessarily a felony in Virginia. The court again denied the motion and found Cartagena guilty of all charges.

This appeal followed. Cartagena challenges all of his convictions in a single assignment of error.[2] He argues that all of his convictions must be reversed because the Commonwealth's evidence was insufficient to prove that he previously had been convicted of a felony as that term is used in the relevant statutes.

ANALYSIS

We apply a deferential standard of review to challenges based on the sufficiency of the evidence, and the decision of the "[t]he lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it." Allen v. Commonwealth, 287 Va. 68, 72, 752 S.E.2d 856, 859 (2014) (internal quotation marks and citation omitted). "Nevertheless, when an appeal presents the question whether the facts proved, and the legitimate inferences drawn from them, fall within the language of a statute, we must construe statutory language to answer the question. That function presents a pure question of law which we consider *de novo* on appeal." Smith v. Commonwealth, 282 Va. 449, 453-54, 718 S.E.2d 452, 454 (2011); see also Miller v. Commonwealth, 64 Va. App. 527, 537, 769 S.E.2d 706, 710 (2015) (noting that "[t]o the extent our analysis of the sufficiency of the evidence requires us to examine the

---

[2] Cartagena's sole assignment of error reads:

> The trial court erred in finding the appellant guilty of falsifying a firearm consent form, attempted possession of a firearm by a convicted felon and possession of a firearm by a convicted felon because the evidence was not sufficient to establish that appellant was previously convicted of a felony.

statutory language, we review issues of statutory construction *de novo* on appeal"). "[W]e consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).

Here, it is undisputed that the evidence establishes that Cartagena had been convicted of a felony under the laws of the state of New York prior to his attempted purchase of a firearm at Liberty Pawn and prior to his ultimate possession of a firearm purchased elsewhere.[3] Cartagena argues that, to establish violations of Code §§ 18.2-308.2 and 18.2-308.2:2, the Commonwealth was required to prove that his conviction from New York carried a potential punishment of at least one year in prison. Cartagena posits that, because Code § 18.2-10 provides that the lowest-level Virginia felony carries such a potential punishment, an out-of-state conviction must carry such a potential punishment for it to be a "felony" for the purposes of Code §§ 18.2-308.2 and 18.2-308.2:2.

## A. Code § 18.2-308.2

As pertinent here, Code § 18.2-308.2(A) provides that

> [i]t shall be unlawful for . . . any person who has been convicted of a felony . . . *whether such conviction or adjudication occurred under the laws of the Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof*, to knowingly and intentionally possess or transport any firearm or ammunition for a firearm . . . .

(Emphasis added). Thus, by its express terms, Code § 18.2-308.2(A) prohibits any person who has been convicted of a felony "under the laws of the Commonwealth*, or any other state*" from knowingly and intentionally possessing a firearm.

---

[3] Cartagena does not challenge that the evidence established that he attempted to possess a firearm when he sought to purchase one at Liberty Pawn or that he knowingly and intentionally possessed the firearm that was recovered from his car the night he was arrested.

It is undisputed that the evidence established that Cartagena "had been convicted of a felony . . . under the laws of" the state of New York, which, without question, is another state. Regarding the existence of a felony conviction, the express terms of the statute require nothing more, and therefore, the evidence was sufficient to support Cartagena's convictions for attempted possession of a firearm in violation of Code § 18.2-308.2(A) and possession of a firearm in violation of Code § 18.2-308.2(A).

Cartagena's argument, that the statute requires that a felony conviction from another sovereign must carry a potential punishment equivalent to the potential punishment for a Virginia felony is not supported by the plain language of the statute. To reach Cartagena's proposed result, we would have to read the statute as providing that the firearm prohibition arises when one has been convicted of a "Virginia felony" or has been convicted of a felony from another covered sovereign "so long as the potential punishment for that felony meets the minimum punishment for a Virginia felony."[4]

In short, Cartagena asks us to interpret the statute as if it contains words and limits that do not actually appear in the statute. This we cannot do. "When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing

---

[4] Cartagena bases his argument on our decision in Turner v. Commonwealth, 38 Va. App. 851, 568 S.E.2d 468 (2002). That reliance is misplaced. In Turner, the defendant was charged with unlawfully possessing a firearm after previously having been convicted of a felony in violation of Code § 18.2-308.2(A). Id. at 853, 568 S.E.2d at 469. The predicate prior conviction offered by the Commonwealth was a conviction for an offense under the Uniform Code of Military Justice. Id. The UCMJ does not categorize offenses as felonies or misdemeanors. Id. at 854, 568 S.E.2d at 469. Faced with a prior conviction from a system that did not categorize offenses as felonies or misdemeanors, this Court held that, because the offense "carrie[d] a 'maximum punishment' of 'confinement for five years,' together with 'dishonorable discharge, [and] forfeiture of all pay and allowances,' a penalty clearly consistent with a felony in Virginia . . . [,] [t]he trial court . . . correctly classified the UCMJ offense a 'felony' for purposes of Code § 18.2-308.2(A)." Id. at 857, 568 S.E.2d at 471. Our holding in Turner is limited to the anomalous situation where another jurisdiction does not classify an offense as either a felony or misdemeanor; it has no application when, as here, the other jurisdiction classified the offense as a felony.

- 6 -

them.  The province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation."  Lahey v. Johnson, 283 Va. 225, 230, 720 S.E.2d 534, 537 (2012) (internal quotation marks and citations omitted); see also Ulka Desai v. A. R. Design Grp., Inc., 293 Va. 426, 438, 799 S.E.2d 506, 512 (2017) ("We are not permitted, under the guise of judicial construction, to rewrite the plain language of a statute.").

If the General Assembly had intended the firearm prohibition to be limited to convictions from other jurisdictions that carried punishments consistent with a Virginia felony or were otherwise the equivalent of a Virginia felony, it knew how to do so.  The Code is replete with examples of offenses that are defined to include substantially similar offenses in other jurisdictions or that impose increased penalties for prior convictions from other sovereigns that are substantially similar to Virginia offenses.[5]  The lack of such language here is fatal to

---

[5] See, e.g., Code § 18.2-46.1 ("predicate criminal act" defined as violation of certain Virginia statutes or "any substantially similar offense under the laws of another state or territory of the United States, the District of Columbia, or the United States"); Code § 18.2-60.3 (enhanced penalty for stalking conviction if person previously has been convicted of violation of Code § 18.2-60.3(A) or "a substantially similar offense under the law of any other jurisdiction"); Code § 18.2-67.5:3 (life sentence for subsequent conviction of certain violent sex crimes if previously convicted of one of those crimes or "for felonies under the laws of any state or the United States that are substantially similar to those" listed); Code § 18.2-104 (enhanced punishment for multiple convictions for larceny as defined in the Code of Virginia or for convictions "of any substantially similar offense in any other jurisdiction"); Code § 18.2-248 (enhanced penalties for multiple convictions of Code § 18.2-248 "or of a substantially similar offense in any other jurisdiction, which offense would be a felony if committed in the Commonwealth"); Code § 18.2-513 ("racketeering activity" defined as violation of certain Virginia statutes "or any substantially similar offenses under the laws of any other state, the District of Columbia, the United States or its territories"); Code § 19.2-297.1 (life imprisonment for third conviction for various Virginia felonies and "convictions under the laws of any state of the United States for any offense substantially similar" to the listed Virginia felonies); Code § 19.2-392.02 ("barrier crime" defined as a violation of delineated Virginia statutes "or any substantially similar offense under the laws of another jurisdiction").  The conclusion that the General Assembly's decision not to utilize the "substantially similar" standard in the prohibition section of Code § 18.2-308(A) was the result of a conscious choice is supported by the decision of the General Assembly to incorporate that very standard in the enhanced penalty section of Code § 18.2-308.2(A).  Specifically, the penalty section of Code § 18.2-308.2(A) imposes a five-year mandatory minimum punishment if the prior felony conviction was for a "violent felony as defined in § 17.1-805," which, in turn, defines a violent felony as certain delineated

Cartagena's proffered construction of Code § 18.2-308.2(A) because "[w]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." Sarafin v. Commonwealth, 288 Va. 320, 328, 764 S.E.2d 71, 76, (2014) (internal quotation marks and citations omitted).

Accordingly, the Commonwealth's evidence was sufficient to establish that Cartagena had the requisite prior felony conviction for the purposes of Code § 18.2-308.2(A), and therefore, the evidence was sufficient to support Cartagena's convictions for attempted possession of a firearm by a convicted felon and possession of a firearm by a convicted felon.

### B. Code § 18.2-308.2:2

Code § 18.2-308.2:2(A) requires that a person seeking to purchase a firearm from a licensed firearm dealer in Virginia must provide the dealer with written "consent . . . , on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information." In addition to providing such consent, the form requires that the prospective purchaser detail specific identifying information and answer certain questions, including whether the prospective purchaser "has . . . been convicted of a felony offense or found guilty or adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act that would be a felony if committed by an adult . . . ." Id. Code § 18.2-308.2:2(B)(1) provides that "[n]o [firearm] dealer shall sell, rent, trade or transfer from his inventory any such firearm to any other person who is a resident of Virginia until he has (i) obtained written consent and the other information on the consent form specified in

---

Virginia felonies and "any substantially similar offense under the laws of any state, the District of Columbia, the United States or its territories."

subsection A . . . ."[6]  In turn, Code § 18.2-308.2:2(K) makes it a Class 5 felony for any person to "willfully and intentionally mak[e] a materially false statement on the consent form required in subsection B or C or on such firearm transaction records as may be required by federal law . . . ."

Cartagena was charged with violating Code § 18.2-308.2:2(K) for "willfully and intentionally make a false statement on a form consenting to a criminal history information check in connection with the purchase of a firearm . . . ."[7]  Specifically, the Commonwealth alleged that Cartagena's representation that he had not been convicted of a felony on the required state consent form constituted a materially false statement prohibited by Code § 18.2-308.2:2(K).[8]

Making essentially the same argument he made regarding his convictions for violating Code § 18.2-308.2(A), Cartagena argues on appeal that the evidence was insufficient to prove he made "a materially false statement as to whether he was ever convicted of a felony . . . [because t]he Commonwealth failed to prove that [his] New York conviction qualifies as a felony" for the purposes of Code § 18.2-308.2:2.  We disagree.

---

[6] Code § 18.2-308.2:2(C) contains a similar prohibition on a firearm dealer selling a firearm to a non-Virginia resident without first obtaining the form required by subsection A of Code § 18.2-308.2:2.  Cartagena indicated on the state consent form that he was a Virginia resident.

[7] Cartagena does not challenge in this appeal that his statements on the state consent form were willfully and intentionally made.

[8] Although Cartagena also indicated on the federal form that he was not a convicted felon and Code § 18.2-308.2:2(K) applies both to the state consent form and federal firearms forms, the parties focus on the state consent form.  The indictment specifically charges Cartagena with making "a false statement on a form *consenting to a criminal history information check* in connection with the purchase of a firearm . . . ."  (Emphasis added).  The state form required by Code § 18.2-308.2:2(A) that was filled out by Cartagena specifically provides that Cartagena "hereby consent[s] to having the transferor (seller) request a criminal history record information check be performed by the Department of State Police about me in connection with this transaction . . . ," and thus, is a form "consenting to a criminal history information check."  In light of our ultimate conclusion regarding the state consent form, we need not, and thus do not, decide whether the federal form filled out by Cartagena falls within the indictment's description of "a form consenting to a criminal history information check."

As noted above, the plain language the General Assembly chose to utilize in Code § 18.2-308.2(A) makes clear that a convicted felon may not possess a firearm regardless of "whether such conviction or adjudication occurred under the laws of the Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof . . . ." Although the reference to felony convictions in Code § 18.2-308.2:2 does not state explicitly that it encompasses convictions that other states have classified as felonies independent of how Virginia might classify the offenses, the lack of any limiting language, the information contained on the state consent form, and context all inexorably lead to the conclusion that Cartagena provided a materially false answer when he indicated that he had not been convicted of a felony.

The relevant question on the state consent form asked: "Have you been convicted of a felony offense or found guilty or adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult?" There is nothing in the question that suggests that the question is somehow limited or qualified by the way Virginia punishes or classifies felonies. The question's absolute terms, "Have you been convicted of a felony offense . . .?," requires that a person who has ever been convicted of a felony anywhere answer in the affirmative regardless of whether Virginia or another jurisdiction would have classified or punished the offense differently. Given his New York felony conviction, Cartagena could not answer the question truthfully with anything other than an affirmative response.

This conclusion finds further support from information Cartagena was provided on the form itself. Immediately after the question regarding felony convictions, the form instructs a prospective purchaser to "See Exceptions on back of form." It also requires that a prospective purchaser "Initial here to document reading and understanding of the Exceptions on the back of

form." The "Exceptions" section of the state consent form Cartagena signed and initialed

provides, in pertinent part, as follows:

> A person who has been convicted of a felony is not prohibited from purchasing, receiving, or possessing a firearm if: (1) *under the law where the conviction occurred*, the person has been pardoned, this conviction has been expunged or set aside, or the person has had civil rights (the right to vote, sit on a jury and hold public office) restored AND (2) the person is not prohibited *by the law where the conviction occurred* from receiving or possessing firearms. Persons subject to this exception should answer "no" to question 7.

> It shall be unlawful for (i) any person who has been convicted of a felony . . . *whether such conviction or adjudication occurred under the laws of the Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof*, to knowingly and intentionally possess or transport any firearm.

(Emphasis added).

This language makes clear that the question encompassed the New York felony

conviction as defined by New York. In stating that a person is barred from possessing a firearm

if "convicted of a felony . . . whether such conviction or adjudication occurred under the laws of

the Commonwealth, or any other state, the District of Columbia, the United States or any

territory thereof," the form tracks the language of Code § 18.2-308.2(A). Thus, the same reasons

that support our conclusion that the prohibition of Code § 18.2-308.2(A) is not limited to felonies

that would be punished by a felony sentence in Virginia apply here as well. Moreover, the

reference to the effect of a pardon "under the law where the conviction occurred" makes clear

that the law of the state where the conviction occurred is to be considered. Thus, the

"Exceptions" section makes clear that a felony conviction from another state requires an

affirmative response to the relevant question even if Virginia would have classified or punished

the offense differently.

Finally, our conclusion is consistent with the purpose of the statutory scheme as a whole. The state consent form is designed to help ferret out prospective gun purchasers who are barred by Code § 18.2-308.2(A) or other provisions of law from possessing firearms before a firearm can be sold. It would be absurd to bar persons with a felony conviction under the laws of another state from possessing a firearm but allow such persons to answer "no" to the felony question on the state consent form just because the other state punished the offense differently than Virginia does.

Given our conclusion regarding the meaning of the felony prohibition in Code § 18.2-308.2(A), logic dictates that the same construction of felony be applied for the purposes of establishing a conviction for a violation of Code § 18.2-308.2:2(K) for making a materially false statement regarding a prior felony conviction. Accordingly, because the evidence established that Cartagena previously had been convicted of a felony under the laws of the state of New York, the evidence was sufficient to establish that he made a materially false statement on the state consent form when he denied having ever been so convicted.

CONCLUSION

Because the evidence established that Cartagena had a prior felony conviction under the laws of the state of New York, the evidence was sufficient to support the prior felony conviction element of his convictions for attempted possession of a firearm by a felon in violation of Code § 18.2-308.2, possession of a firearm by a felon in violation of Code § 18.2-308.2, and falsifying a firearm consent form by making a materially false statement regarding a prior felony conviction in violation of Code § 18.2-308.2:2. Accordingly, his convictions for these offenses are affirmed.

Affirmed.